UNITED STATES *v.* BISHOP

No. 71–1698.   Argued January 16, 1973—Decided May 29, 1973

BLACKMUN, J., delivered the opinion of the Court, in which BURGER, C. J., and BRENNAN, STEWART, WHITE, MARSHALL, POWELL, and REHNQUIST, JJ., joined. DOUGLAS, J., filed a dissenting statement, *post,* p. 362.

*Richard B. Stone* argued the cause for the United States.   On the brief were *Solicitor General Griswold, Assistant Attorney General Crampton, Deputy Solicitor General Lacovara, Keith A. Jones,* and *John P. Burke.*

*J. Richard Johnston* argued the cause for respondent.

With him on the brief were *Neil F. Horton* and *Robert H. Solomon.*

Mr. Justice Blackmun delivered the opinion of the Court.

Chapter 75, subchapter A, of the Internal Revenue Code of 1954, as amended, 26 U. S. C. §§ 7201–7241, is concerned with tax crimes. Sections 7201–7207, inclusive, which in the aggregate relate to attempts to evade or defeat tax, to failures to act, and to fraud, all include the word "willfully" in their respective contexts. Specifically, § 7206 is a felony statute and reads:

"§ 7206. Fraud and false statements.

"Any person who—

"(1) Declaration under penalties of perjury.

"Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter . . . .

.        .        .        .        .

"shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years, or both, together with the costs of prosecution."

Section 7207 is a misdemeanor statute [1] and reads:

"7207. Fraudulent returns, statements, or other documents.

---

[1] Title 18 U. S. C. § 1 defines felony and misdemeanor:

"§ 1. Offenses classified.

"Notwithstanding any Act of Congress to the contrary:

"(1) Any offense punishable by death or imprisonment for a term exceeding one year is a felony.

"(2) Any other offense is a misdemeanor."

"Any person who willfully delivers or discloses to the Secretary or his delegate any list, return, account, statement, or other document, known by him to be fraudulent or to be false as to any material matter, shall be fined not more than $1,000, or imprisoned not more than 1 year, or both."

This case presents the issue of the meaning of the critical word "willfully" as it is employed in these two successive statutes. Is its meaning the same in each, or is the willfulness specified by the misdemeanor statute, § 7207, of somewhat less degree than the felony willfulness specified by § 7206?

## I

Respondent, Cecil J. Bishop, was convicted by a jury on all three counts of an indictment charging him with felony violations of § 7206 (1) with respect to his federal income tax returns for the calendar years 1963, 1964, and 1965. The Court of Appeals, holding that a lesser-included-offense instruction directed to the misdemeanor statute, § 7207, was improperly refused by the trial judge, reversed the judgment of the District Court and remanded the case for a new trial. 455 F. 2d 612 (CA9 1972). Since the meaning of "willfully," as used in the tax crime statutes, has divided the circuits,[2] we granted certiorari. 409 U. S. 841 (1972).

---

[2] Compare *United States* v. *Vitiello,* 363 F. 2d 240, 243 (CA3 1966) (§§ 7201 and 7203), and *Haner* v. *United States,* 315 F. 2d 792, 794 (CA5 1963) (§ 7203), where the Ninth Circuit analysis was rejected, with *United States* v. *Fahey,* 411 F. 2d 1213 (CA9), cert. denied, 396 U. S. 957 (1969) (§ 7203); *Martin* v. *United States,* 317 F. 2d 753 (CA9 1963) (§ 7203); *Abdul* v. *United States,* 254 F. 2d 292 (CA9 1958) (§§ 2707 (b) and (c) of the 1939 Code and §§ 7202 and 7203 of the 1954 Code). See also *Janko* v. *United States,* 281 F. 2d 156, 166–167 (CA8 1960), rev'd on confession of error by the Solicitor General, 366 U. S. 716 (1961) (§§ 7201 and 7207); *Lumetta* v. *United States,* 362 F. 2d 644, 646 n. 3 (CA8 1966) (§§ 7201 and

We conclude that it was proper and correct for the District Court to refuse the lesser-included-offense instruction. In our view, the word "willfully" has the same meaning in both statutes. Consequently, we reverse and remand so that the Court of Appeals may now proceed to consider the additional issues that court found it unnecessary to reach.

## II

Mr. Bishop is a lawyer who has practiced his profession in Sacramento, California, since 1951. During that period, he owned an interest in a walnut ranch he and his father operated. In 1960 his secretary, Louise, married his father. The father died, and thereafter respondent's stepmother managed the ranch.

Respondent periodically sent checks to Louise. These were used to run the ranch, to pay principal on loans, and to make improvements.

Louise maintained a record of ranch expenditures and submitted an itemized list of these disbursements to respondent at the end of each calendar year. In his 1963 return respondent asserted as business deductions all amounts paid to Louise and, in addition, all the expenses Louise listed. This necessarily resulted in a double deduction for all ranch expenditures in 1963. Moreover, some of these expenditures were for repayment of loans and for other personal items that did not qualify as income tax deductions. In his 1964 and 1965 returns respondent similarly included nondeductible amounts among the ranch figures that were deducted.

The aggregate amount of improper deductions taken by respondent for the three taxable years exceeded

7203); *Escobar* v. *United States,* 388 F. 2d 661 (CA5 1967), cert. denied, 390 U. S. 1024 (1968) (§§ 7206 (1) and 7207). Other inconsistencies in interpreting the word "willfully" have compounded the confusion. See n. 8, *infra.* Cf. *United States* v. *Lachmann,* 469 F. 2d 1043 (CA1 1972) (§§ 7201 and 7203).

$45,000. He enjoyed aggregate gross income for those years of about $70,000.

The incorrectness of the returns as filed for the three years was not disputed at trial. Transcript of Trial 869–872, 1148. Neither is it disputed here. Brief for Respondent 4.

### III

Section 7206 (1), the felony statute, is violated when one "[w]illfully makes and subscribes any return," under penalties of perjury, "which he does not believe to be true and correct as to every material matter." Respondent based his defense at trial on the ground that he was not aware of the double deductions asserted in 1963 or of the improper deductions taken in the three taxable years. He claimed that his law office secretary prepared the return schedules from his records and from the information furnished by Louise; he merely failed to check the returns for accuracy.

Respondent requested lesser-included-offense instructions based on the misdemeanor statute, § 7207. This tax misdemeanor is committed by one "who willfully delivers or discloses" to the Internal Revenue Service any return or document "known by him to be fraudulent or to be false as to any material matter." Respondent argued that the word "willfully" in the misdemeanor statute should be construed to require less scienter than the same word in the felony statute. App. 28. With the state of respondent's guilty knowledge in dispute, his proposed instructions would have allowed the jury to choose between a misdemeanor based on caprice or careless disregard and a felony requiring evil purpose. The trial judge declined to give the requested instructions and, instead, gave an instruction only on the felony, requiring a finding by the jury that the defendant intended

"with evil motive or bad purpose either to disobey or to disregard the law." App. 24.

After the guilty verdict on all counts was returned, respondent was sentenced to two years' imprisonment on each count, the sentences to run concurrently. The court, however, suspended all but 90 days of each sentence and placed respondent on probation for five years on condition that he pay a fine of $5,000. App. 31.

## IV

The Court of Appeals relied upon and followed, 455 F. 2d, at 614, a series of its own cases,[3] particularly *Abdul v. United States,* 254 F. 2d 292 (1958), enunciating the proposition that the word "willfully" has a meaning in tax felony statutes that is more stringent than its meaning in tax misdemeanor statutes.[4] Our examination of these Ninth Circuit precedents in the light of this Court's decisions leads us to conclude that the Court of Appeals' opinion cannot be sustained by this asserted distinction between § 7206 (1) and § 7207.

A. The Ninth Circuit rule appears to have been evolved from language in this Court's opinion in *Spies v. United States,* 317 U. S. 492 (1943). In *Spies* the defendant requested an instruction to the effect that an affirmative act was necessary to constitute a willful attempt to evade or defeat a tax, within the meaning of § 145 (b) of the Revenue Act of 1936, 49 Stat. 1703. The trial court

---

[3] *United States* v. *Haseltine,* 419 F. 2d 579, 581 (1970) (§§ 7201 and 7203); *United States* v. *Fahey,* n. 2, *supra; Eustis* v. *United States,* 409 F. 2d 228 (1969) (§ 7203); *Edwards* v. *United States,* 375 F. 2d 862 (1967) (§§ 7201, 7203, and 7206 (2)); *Martin* v. *United States,* n. 2, *supra; Abdul* v. *United States,* n. 2, *supra.*

[4] One possible result of this distinction, of course, is that the Government's burden in a misdemeanor case could be less than in a felony case.

refused the request. The Second Circuit affirmed. This Court reversed. We were concerned in *Spies* with a felony statute, § 145 (b), applying to one "who willfully attempts in any manner to evade or defeat any tax," and with a companion misdemeanor statute, § 145 (a), applying to one who "willfully fails to pay such tax, make such return, keep such records, or supply such information, at the time or times required by law or regulations." These statutes were the predecessors of the current §§ 7201 and 7203, respectively, of the 1954 Code. In distinguishing between the two offenses, the Court said:

"The difference between willful failure to pay a tax when due, which is made a misdemeanor, and willful attempt to defeat and evade one, which is made a felony, is not easy to detect or define. Both must be willful, and willful, as we have said, is a word of many meanings, its construction often being influenced by its context. *United States* v. *Murdock,* 290 U. S. 389. It may well mean something more as applied to nonpayment of a tax than when applied to failure to make a return. Mere voluntary and purposeful, as distinguished from accidental, omission to make a timely return might meet the test of willfulness. But in view of our traditional aversion to imprisonment for debt, we would not without the clearest manifestation of Congressional intent assume that mere knowing and intentional default in payment of a tax, where there had been no willful failure to disclose the liability, is intended to constitute a criminal offense of any degree. We would expect willfulness in such a case to include some element of evil motive and want of justification in view of all the financial circumstances of the taxpayer.

"Had § 145 (a) not included willful failure to pay a tax, it would have defined as misdemeanors gen-

erally a failure to observe statutory duties to make timely returns, keep records, or supply information— duties imposed to facilitate administration of the Act even if, because of insufficient net income, there were no duty to pay a tax. It would then be a permissible and perhaps an appropriate construction of § 145 (b) that it made felonies of the same willful omissions when there was the added element of duty to pay a tax. The definition of such non-payment as a misdemeanor, we think, argues strongly against such an interpretation." 317 U. S., at 497–498.

In *Abdul* the court considered an appeal by a taxpayer convicted of tax misdemeanors (§ 2707 (b) of the 1939 Code and § 7203 of the 1954 Code) based on failure to file but acquitted of tax felonies (§ 2707 (c) of the 1939 Code and § 7202 of the 1954 Code) based on failure to account for and pay withholding taxes. The defense was inability to pay. The trial judge instructed the jury that the term "wilful" in the misdemeanor counts meant, among other things, "capriciously or with a careless disregard whether one has the right so to act," whereas the same word in the felony counts meant "with knowledge of one's obligation to pay the taxes due and with intent to defraud the Government of that tax by any affirmative conduct." 254 F. 2d, at 294. Relying on *Spies*, the Court of Appeals approved these instructions and concluded that

"the word 'wilful' as used in the misdemeanor statute means something less when applied to a failure to make a return than as applied to a felony non-payment of a tax. This being true, then the words used in the instruction defining 'wilful' as relates to a misdemeanor adequately and clearly point up that difference." *Ibid.*

Because of an error in the cross-examination of Abdul, his conviction was reversed. On retrial, he was again convicted. He appealed, and the judgment was affirmed. *Abdul* v. *United States,* 278 F. 2d 234 (CA9 1960). When Abdul sought certiorari, the Solicitor General conceded that the sentence under one of the counts could not stand and undertook to say that the Government would present to the District Court a motion for correction of the sentence. Certiorari, accordingly, was denied. Two Justices would have granted the writ to review the correctness of the charge "regarding the requirement of willfulness." 364 U. S. 832 (1960).

In the present case the Court of Appeals continued this *Abdul* distinction between willfulness in tax misdemeanor charges and willfulness in tax felony charges. Section 7207, it was said, requires only a showing of "unreasonable, capricious, or careless disregard for the truth or falsity of income tax returns filed," whereas § 7206 (1) "requires proof of an evil motive and bad faith." 455 F. 2d, at 615. The level of willfulness, thus, would create a disputed factual element that made appropriate a lesser-included-offense instruction.

B. The decisions of this Court do not support the holding in *Abdul,* and implicitly they reject the approach taken by the Court of Appeals. In *Spies,* the Court speculated, 317 U. S., at 495–498, that Congress could have distinguished between the regulatory aspects of the tax system, which call for compliance regardless of financial status, and the revenue-collecting aspects, which may place demands on a taxpayer he cannot meet. Since the antecedent of § 7203 (as does that section itself today) punished both failure to file and failure to pay as misdemeanors, the Court concluded that Congress had not drawn the line between felonies and misdemeanors on the basis of distinctions between the system's regulatory aspects and its revenue-collecting aspects. The reliance

in *Abdul* on that hypothetical statutory scheme, discussed by this Court in *Spies* but found not in line with what Congress had actually done, was misplaced. Utilizing the unsupported *Abdul* distinction as a foundation, the Court of Appeals constructed the further general distinction between tax felonies and tax misdemeanors, a distinction also inconsistent with prior decisions of this Court.

In *Berra* v. *United States,* 351 U. S. 131 (1956), a defendant was convicted of violating the antecedent of § 7201, namely, § 145 (b) of the 1939 Code, a felony statute identical, for present purposes, with the section of the same number in the Revenue Act of 1936 at issue in *Spies.* The defendant claimed that he was entitled to a lesser-included-offense instruction based on § 3616 (a) of the 1939 Code, the antecedent of § 7207. The Court rejected this contention, concluding that the two sections of the 1939 Code then "covered precisely the same ground." 351 U. S., at 134. Implicit in this was the conclusion that the level of intent required for tax misdemeanors was not automatically lower than the level of intent required for tax felonies.

Although the misdemeanor statute, § 3616 (a), proffered by the defendant in *Berra* did not contain the word "willfully," the *Berra* facts were presented to the Court again in *Sansone* v. *United States,* 380 U. S. 343 (1965), when the misdemeanor statutes there in issue, §§ 7207 and 7203 of the 1954 Code, both contained the word "willfully." [5] In *Sansone* the Court rejected the argu-

---

[5] The applicability of § 3616 (a) of the 1939 Code to income tax returns was not contested in *Berra* v. *United States,* 351 U. S. 131, 133 (1956), but the Court soon held that that statute "did not apply to evasion of the income tax." *Achilli* v. *United States,* 353 U. S. 373, 379 (1957). In *Sansone,* however, statutory revisions effected by the enactment of the 1954 Code were held to make § 7207 applicable to income tax violations. *Sansone* v. *United States,* 380 U. S. 343, 347–349 (1965).

ment that a set of facts could exist that would satisfy the willfulness element in the § 7207 misdemeanor but not in the § 7201 felony:

> "Given petitioner's material misstatement which resulted in a tax deficiency, if, as the jury obviously found, petitioner's act was willful in the sense that he knew that he should have reported more income than he did for the year 1957, he was guilty of violating both §§ 7201 and 7207. If his action was not willful, he was guilty of violating neither." 380 U. S., at 353.

The same analysis was applied to the requested lesser-included-offense instruction for § 7203. *Id.*, at 352. The clear implication of the decision in *Sansone* is that the word "willfully" possesses the same meaning in §§ 7201, 7203, and 7207. *Sansone* thus foreclosed the argument that the word "willfully" was to be given one meaning in the tax felony statutes and another meaning in the tax misdemeanor statutes.

The thesis relied upon by the Court of Appeals, therefore, was incorrect.

## V

It would be possible, of course, that the word "willfully" was intended by Congress to have a meaning in § 7206 (1) different from its meaning in § 7207, and we turn now to that possibility.

We continue to recognize that context is important in the quest for the word's meaning. See *United States v. Murdock*, 290 U. S. 389, 394–395 (1933). Here, as in *Spies*, the "legislative history of the section[s] contains nothing helpful on the question here at issue, and we must find the answer from the [sections themselves] and [their] context in the revenue laws." [6] 317 U. S.,

---

[6] See H. R. Rep. No. 1337, 83d Cong., 2d Sess., A425 (1954); S. Rep. No. 1622, 83d Cong., 2d Sess., 602–603 (1954). The prede-

at 495. We consider first, then, the sections themselves.

A. Respondent argues that both §§ 7206 (1) and 7207 apply to a fraudulent "return" and cover the same ground if the word "willfully" has the same meaning in both sections. Since "it would be unusual and we would not readily assume that Congress by the felony . . . meant no more than the same derelictions it had just defined . . . as a misdemeanor," 317 U. S., at 497, respondent concludes that Congress must have intended to require a more willful violation for the felony than for the misdemeanor.

The critical difficulty for respondent is that the two sections have substantially different express terms. The most obvious difference is that § 7206 (1) applies only if the document "contains or is verified by a written declaration that it is made under the penalties of perjury." No equivalent requirement is present in § 7207. Respondent recognizes this but then relies on the presence of perjury declarations on all federal income tax returns, a fact that effectively equalizes the sections where a federal tax return is at issue. See 26 U. S. C. § 6065 (a).[7]

This approach, however, is not persuasive for two reasons. First, the Secretary or his delegate has the power under § 6065 (a) to provide that no perjury declaration is required. If he does so provide, then § 7207

cessor to § 7206 (1) was § 3809 (a) of the 1939 Code. The antecedent to § 7207 was, as we have noted above, § 3616 (a) of the 1939 Code. See *Sansone*, 380 U. S., at 347.

[7] "§ 6065. Verification of returns.

"(a) Penalties of perjury.

"Except as otherwise provided by the Secretary or his delegate, any return, declaration, statement, or other document required to be made under any provision of the internal revenue laws or regulations shall contain or be verified by a written declaration that it is made under the penalties of perjury." See also Treas. Reg. § 1.6065–1 (1972).

immediately becomes operative in the area theretofore covered by § 7206 (1). Second, the term "return" is not necessarily limited to a federal income tax return. A state or other nonfederal return could be intended and might not contain a perjury warning. If this type of return were submitted in support of a federal return, or in the course of a tax audit, § 7207 could apply even if § 7206 (1) could not.

There are other distinctions. The felony applies to a document that a taxpayer "[w]illfully makes and subscribes . . . and which he does not believe to be true and correct as to every material matter," whereas the misdemeanor applies to a document that a taxpayer "willfully delivers or discloses to the Secretary or his delegate . . . known by him . . . to be false as to any material matter." In the felony, then, the taxpayer must verify the return or document in writing, and he is liable if he does not affirmatively believe that the material statements are true. For the misdemeanor, however, a document prepared by another could give rise to liability on the part of the taxpayer if he delivered or disclosed it to the Service; additional protection is given to the taxpayer in this situation because the document must be known by him to be fraudulent or to be false.

These differences in the respective applications of §§ 7206 (1) and 7207 provide solid evidence that Congress distinguished the statutes in ways that do not turn on the meaning of the word "willfully." Judge Hastie, in analyzing this Court's holding in *Spies,* appropriately described this distinction as follows:

> "However, this distinction is found in the additional misconduct which is essential to the violation of the felony statute . . . and not in the quality

of willfulness which characterizes the wrongdoing."
*United States* v. *Vitiello,* 363 F. 2d 240, 243 (CA3
1966).

Thus the word "willfully" may have a uniform meaning
in the several statutes without rendering any one of
them surplusage. We next turn to context.

B. The hierarchy of tax offenses set forth in §§ 7201–
7207, inclusive, utilizes the mental state of the offender
as a guide in establishing the penalty. Section 7201, re-
lating to attempts to evade or defeat tax, has been de-
scribed and recognized by the Court as the "climax of
this variety of sanctions" and as the "capstone of a
system of sanctions which singly or in combination were
calculated to induce prompt and forthright fulfillment
of every duty under the income tax law and to provide
a penalty suitable to every degree of delinquency."
*Spies,* 317 U. S., at 497; *Sansone,* 380 U. S., at 350–351.
The actor's mental state is described both by the re-
quirement that acts be done "willfully" and by the desig-
nation of certain express elements of the offenses. In
§ 7201, for example, the Court has held that, by requir-
ing an attempt to evade, "Congress intended some will-
ful commission in addition to the willful omissions that
make up the list of misdemeanors." *Spies,* 317 U. S.,
at 499. Similarly, in § 7207, the Government must show
that the document was known by the taxpayer to be
fraudulent or to be false as to a material matter.

All these offenses, except two subsections of § 7206,
*viz.,* subsections (3) and (4), require that acts be done
"willfully." Although the described states of mind might
be included in the normal meaning of the word "will-
fully," the presence of both an express designation and
the simultaneous requirement that a violation be com-
mitted "willfully" is strong evidence that Congress used

the word "willfully" to describe a constant rather than a variable in the tax penalty formula.[8]

The Court, in fact, has recognized that the word "willfully" in these statutes generally connotes a voluntary, intentional violation of a known legal duty. It has formulated the requirement of willfulness as "bad faith or evil intent," *Murdock,* 290 U. S., at 398, or "evil motive and want of justification in view of all the financial circumstances of the taxpayer," *Spies,* 317 U. S., at 498, or knowledge that the taxpayer "should have reported more income than he did." *Sansone,* 380 U. S., at 353. See *James* v. *United States,* 366 U. S. 213, 221 (1961); *McCarthy* v. *United States,* 394 U. S. 459, 471 (1969).

This longstanding interpretation of the purpose of the recurring word "willfully" promotes coherence in the group of tax crimes. In our complex tax system, uncertainty often arises even among taxpayers who earnestly wish to follow the law. The Court has said, "It is not the purpose of the law to penalize frank difference of opinion or innocent errors made despite the

---

[8] Semantic confusion sometimes has been created when courts discuss the express requirement of an "attempt to evade" in § 7201 as if it were implicit in the word "willfully" in that statute. This type of analysis produces language suggesting that "willfully" in § 7201 has a different meaning from the same term in § 7203. See *United States* v. *Ming,* 466 F. 2d 1000, 1004 (CA7), cert. denied, 409 U. S. 915 (1972) (§§ 7201 and 7203); *United States* v. *Matosky,* 421 F. 2d 410 (CA7), cert. denied, 398 U. S. 904 (1970) (§ 7203); *United States* v. *Haseltine,* 419 F. 2d, at 581; *Edwards* v. *United States,* 375 F. 2d, at 867; *United States* v. *Schipani,* 362 F. 2d 825, 831 (CA2), cert. denied, 385 U. S. 934 (1966). This Court may be somewhat responsible for this imprecision because a similar analysis was employed in *Spies* v. *United States,* 317 U. S 492, 497–499 (1943). Greater clarity might well result from an analysis that distinguishes the express elements, such as an "attempt to evade," prescribed by § 7201, from the uniform requirement of willfulness.

exercise of reasonable care." *Spies,* 317 U. S., at 496. Degrees of negligence give rise in the tax system to civil penalties. The requirement of an offense committed "willfully" is not met, therefore, if a taxpayer has relied in good faith on a prior decision of this Court. *James* v. *United States,* 366 U. S., at 221–222. Cf. *Lambert* v. *California,* 355 U. S. 225 (1957). The Court's consistent interpretation of the word "willfully" to require an element of *mens rea* implements the pervasive intent of Congress to construct penalties that separate the purposeful tax violator from the well-meaning, but easily confused, mass of taxpayers.

Until Congress speaks otherwise, we therefore shall continue to require, in both tax felonies and tax misdemeanors that must be done "willfully," the bad purpose or evil motive described in *Murdock, supra.* We hold, consequently, that the word "willfully" has the same meaning in § 7207 that it has in § 7206 (1). Since the only issue in dispute in this case centered on willfulness, it follows that a conviction of the misdemeanor would clearly support a conviction for the felony.[9] Under these circumstances a lesser-included-offense instruction was not required or proper, for in the federal system it is not the function of the jury to set the penalty. *Berra* v. *United States,* 351 U. S., at 134–135.

---

[9] The Government has argued that the misdemeanor of § 7207 could never be a lesser included offense in § 7206 (1) because the misdemeanor requires that the actor have knowledge of the falsity. This is said to create an additional element in the misdemeanor, not present in the felony, so the misdemeanor is not "necessarily included" in the felony, within the meaning of Fed. Rule Crim. Proc. 31 (c). Our conclusion that the word "willfully" has the same meaning in both statutes makes it unnecessary to reach this contention.

The judgment of the Court of Appeals is reversed, and the case is remanded for further proceedings.

*It is so ordered.*

MR. JUSTICE DOUGLAS would affirm the judgment of the Court of Appeals for the Ninth Circuit on the opinion written for that court by Judge Powell. 455 F. 2d 612.