UNITED STATES of America,
Appellee,

v.

Berentje C. M. POHLMAN, Appellant.

No. 74–1759.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 11, 1974.

Decided Feb. 11, 1975.

Rehearing and Rehearing En Banc
Denied April 4, 1975.

Berentje C. M. Pohlman, Enderlin, N. D., pro se.

Harold O. Bullis, U. S. Atty., Fargo, N. D., for appellee.

Before LAY and BRIGHT, Circuit Judges, and TALBOT SMITH, Senior District Judge.*

LAY, Circuit Judge.

Berentje C. M. Pohlman, a practicing attorney in Enderlin, North Dakota, was convicted by a jury of willfully failing to file her individual income tax returns for the years 1968, 1969 and 1970 in violation of 26 U.S.C. § 7203. Ms. Pohlman's basic defense was that she served as City Attorney of Enderlin in 1969 and as Mayor in 1970, and that she was so involved and busy in these positions, as well as with certain personal problems, that she did not realize until late in 1970 that she had earned income sufficient to require filing. She maintained all her files and records and when visited by a field auditor of the Internal Revenue Service in early October 1972, she prepared returns for each of the years in question and filed them. On appeal she appears *pro se*, as she did in the trial court, raising several errors.[1] We need only discuss her attack on the instruction given by the trial court concerning the element of willfulness. We find this to have been reversible error and vacate the judgment of conviction and remand for a new trial.

Title 26 U.S.C. § 7203 makes it a misdemeanor[2] when a person "*willfully* fails to . . . make such return [as required by law] . . . at the time or times required by law . . . ." (emphasis added). The court declined to give defendant's requested instruction on

---

\* TALBOT SMITH, Senior District Judge, Eastern District of Michigan, sitting by designation.

1. Ms. Pohlman contends the trial court erred in permitting Agent Engelmann to relate the conversation which occurred in her office on October 3, 1972, during which she admitted not having filed the returns since she was not informed of her constitutional right to remain silent prior to the conversation. She was not in custody, however, at the time of the conversation and we have frequently held that no warning need be given during a noncustodial investigation. *See* United States v. MacLeod, 436 F.2d 947, 950 (8th Cir.), cert. denied, 402

U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647, rehearing denied, 402 U.S. 990, 91 S.Ct. 1659, 29 L.Ed.2d 157 (1971); United States v. Brevik, 422 F.2d 449, 450 (8th Cir.), cert. denied, 398 U.S. 943, 90 S.Ct. 1861, 26 L.Ed.2d 279 (1970); Ping v. United States, 407 F.2d 157 (8th Cir. 1969); Muse v. United States, 405 F.2d 40, 41 (8th Cir. 1968), cert. denied, 393 U.S. 1117, 89 S.Ct. 992, 22 L.Ed.2d 122 (1969); Cohen v. United States, 405 F.2d 34, 35–40 (8th Cir. 1968), cert. denied, 394 U.S. 943, 89 S.Ct. 1274, 22 L.Ed.2d 478 (1969). *See also* cases cited at 405 F.2d 37 n. 7.

2. The defendant was fined a total of $1500.00 and placed on probation for two years.

the meaning of willfulness[3] and, over her specific objection, gave the following:

> The specific intent of willfulness is an essential element of the crime of failure to file an income tax return. The word "willfully" used in connection with this offense means deliberately, and intentionally, and without justifiable excuse, or with the wrongful purpose of deliberately intending not to file a return which defendant knew she should have filed, in order to prevent the Government from knowing the extent of, and knowing the facts material to, the determination of her tax liability.
>
> Defendant's conduct is not "willful" if she acted through negligence, inadvertence, or mistake, or due to her good faith misunderstanding of the requirements of the law. It should be pointed out, however, that disagreement with the law is not a defense. It is the duty of all citizens to obey the law whether they agree with it or not.[4]

She contends that the court's instruction did not adequately define "willfully" as that word is used in § 7203. We agree. The controlling authorities are United States v. Bishop, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), and United States v. Murdock, 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933).

In *Murdock*, the defendant had refused to supply information to the Internal Revenue Service concerning deductions claimed in his 1927 and 1928 income tax returns. He insisted that the Fifth Amendment permitted him to refuse the information since it would incriminate him under state law. He was charged with and convicted of willfully failing to supply the information. In upholding the reversal of his conviction, the Court discussed the meaning to be given the word "willfully" in tax crime statutes:

> The word often denotes an act which is intentional, or knowing, or voluntary, as distinguished from accidental. But, when used in a criminal statute, it generally means an act done with a bad purpose . . ..

290 U.S. at 394, 54 S.Ct. at 225.

> Here we are concerned with a statute which denounces a willful failure to do various things thought to be requisite to a proper administration of the income tax law, and the government in the trial below, we think correctly, assumed that it carried the burden of showing more than a mere voluntary failure to supply information, with intent, in good faith, to exercise a privilege granted the witness by the Constitution. The respondent's refusal to answer was intentional and without legal justification, *but the jury might nevertheless find that it was not prompted by bad faith or evil intent, which the statute makes an element of the offense.*

Id. at 397–98, 54 S.Ct. at 226 (emphasis added).

In *Bishop*, the Court was faced with the question of whether the word "willfully," as used in those several statutes defining misdemeanor tax crimes, had the same stringent meaning it had been accorded when used in the definition of a felony tax crime. The Court not only found that it did but went on to emphasize the necessity for determining the "bad purpose" articulated in *Murdock*:

> . . . The Court's consistent interpretation of the word "willfully" to require an element of *mens rea* implements the pervasive intent of Congress

---

**3.** The requested instruction was:

> 2. Willfulness is an essential element of the crime of which defendant is charged in the indictment. An act is done "willfully" if done purposely with the specific intent to disregard the law, or to do that which the law forbids, and further means an act done with a bad purpose, the existence of specific wrongful intent, and evil motive at the time the crime charged was committed; mere laxity, careless disregard of duty imposed by law, or even gross negligence, unattended by "evil motive," is not probative of willfulness.

**4.** This instruction is taken, with minor changes, from 2 Devitt & Blackmar, Federal Jury Practice and Instruction § 52.31 (1970).

to construct penalties that separate the purposeful tax violator from the well-meaning, but easily confused, mass of taxpayers.

Until Congress speaks otherwise, we therefore shall continue to require, in both tax felonies and tax misdemeanors that must be done "willfully," the bad purpose or evil motive described in *Murdock, supra.*

412 U.S. at 361, 93 S.Ct. at 2017.

Defendant's basic contention is that the court's instruction failed to sufficiently describe the requirement of wrongful intent and evil motive required under the law. Several cases have held both before and after *Bishop* that the specific words "bad purpose" or "evil motive" need not be used by the courts in defining the element of willfulness. *See* cases collected in Cooley v. United States, 501 F.2d 1249 (9th Cir. 1974), and United States v. Hawk, 497 F.2d 365 (9th Cir.), cert. denied, 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974). What is required, however, is that the instruction convey "the proper notion of specific intent in understandable terms." United States v. Hawk, *supra* at 369. As the Seventh Circuit observed in United States v. Matosky, 421 F.2d 410, 412 (7th Cir.), cert. denied, 398 U.S. 904, 90 S.Ct. 1691, 26 L.Ed.2d 62 (1970), "the only bad purpose or bad motive necessary for the government to prove is a deliberate intention not to file returns which the defendant knew ought to be filed." This court approved such an instruction under § 7203 in Lumetta v. United States, 362 F.2d 644 (8th Cir. 1966).[5]

■ The basic question in the present case is whether the trial court sufficiently and accurately defined the specific intent required. Concededly there is no mention of "bad purpose" as used in *Lumetta* and other cases decided previously by this court. *See also* United States v. MacLeod, 436 F.2d 947, 950 (8th Cir.), cert. denied, 402 U.S. 907, 91 S.Ct. 1378, 28 L.Ed.2d 647 (1971).

■ The art of instructing a jury in plain and understandable terms requires, on the part of the trial judge, an acute awareness of the extraordinary demands made upon him in the skill of communication. In many trial courts the practice varies as to whether or not the jury charge goes to the jury room,[6] but where under either procedure there lurk shortcomings or dangers in effectively communicating to the jury, the charge should always seek out explicit and clear language in layman's terms. Unfortunately, as has often been said, the trial court writes instructions in terms more for the benefit of the appellate court than for the lay jury.

The questioned instruction does attempt to *imply* that "bad purpose" may be an element of the crime by excluding from the meaning of "willful" "negligence, inadvertence or mistake or . . . good faith misunderstanding of the requirements of the law." The instruction mentions that willful does include the wrongful purpose of deliberately intending not to file a return when the defendant knew she should file. However, the court prefaces this meaning by saying that "willfully" also means doing something "deliberately and intentionally, and without justifiable excuse."[7] Yet early in *Murdock* the Supreme Court observed that one who acts deliberately and intentionally and without legal justification must still be found not guilty if he did not possess, *in addition*, a state of mind which manifested a bad purpose or evil

---

**5.** The full instruction in *Lumetta*, however, was later disapproved in a post-*Bishop* case since it erroneously embodied *Murdock* language which allowed a definition of willfulness to include "careless or reckless disregard." *See* United States v. Bengimina, 499 F.2d 117 (8th Cir. 1974).

**6.** In this circuit, we have recently held that furnishing written instructions to the jury lies within the discretion of the trial court. *See,* United States v. Johnson, 466 F.2d 537 (8th Cir. 1972), cert. denied, 409 U.S. 1111, 93 S.Ct. 921, 34 L.Ed.2d 693 (1973).

**7.** In setting this meaning off from the rest of the instruction the court uses the disjunctive "or".

motive to violate the law. *Murdock*, 290 U.S. at 397–98, 54 S.Ct. 223.

Here the defendant attempted to justify her failure to file her returns because of the pressing demands of her public and private life. There is no doubt that she did not have a legal justification for failing to comply with the law. The jury was told that if it found the defendant did not have a justifiable excuse for failing to file this alone would be sufficient to convict her. Herein lies the prejudice. Under the charge the jury could have believed the reason Ms. Pohlman gave for failing to file, a reason which negates *mens rea* if believed, and yet have found her guilty. Their verdict could have resulted from a belief that, although this was the reason, it was not justifiable under the law. As discussed, more is required to be culpable under the statute. The jury must find that her failure to file arose from a bad motive and evil intent to commit an illegal act, fully aware of her legal obligation to do otherwise.

Since bad purpose and evil motive are essential elements of willfulness under § 7203, we see no reason that the jury should be afforded the ambiguity of an instruction which possibly denotes otherwise. If these are essential elements of the misdemeanor the jury should be told so in plain and unambiguous terms. As this court reaffirmed in United States v. Achtenberg, 459 F.2d 91 (8th Cir.), cert. denied, 409 U.S. 932, 93 S.Ct. 229, 34 L.Ed.2d 187 (1972):

> "Obviously, if the jury is to function effectively, it must be given a clear statement of each element which the Government must prove. The elements, as expressed in the statute, are hardly set forth with sufficient clarity to permit the jury to perform its duty intelligently. . . ."

*Id.* at 97, quoting from Jackson v. United States, 121 U.S.App.D.C. 160, 348 F.2d 772, 774 (1965).[8]

Judgment reversed and remanded for a new trial.[9]

8. A much preferable instruction is found in another recent Ninth Circuit case, United States v. Klee, 494 F.2d 394 (9th Cir. 1974):

> The term willfully used in the statute which I have read to you, that is, referring to one who willfully fails to make such a return, means voluntary, purposeful, deliberate and intentionally [sic], as distinguished from accidental, inadvertent, or negligent.
> Mere negligence, even gross negligence, is not sufficient to constitute willfulness under the criminal law.
> The failure to make a timely return is willful if the defendant's failure to act was voluntary and purposeful, and with the specific intent to fail to do what he knew the law requires to be done; that is to say, with a bad purpose or evil motive to disobey or disregard the law which requires to (sic) file a timely return which discloses to the government facts material to the determination of his tax liability.
> There is no necessity that the government prove that the defendant had an intention to defraud it, or to evade the payment of any taxes, for the defendant's failure to file to be willful under this provision of the law.

> On the other hand, the defendant's conduct is not willful if you find that he failed to file a return because of negligence, inadvertence, accident or reckless disregard for the requirements of the law, or due to his good faith misunderstanding of the requirements of the law.
> 494 F.2d at 395.

9. Although the defendant represented herself at the trial and in this court and was successful here, we strongly urge her to retain independent counsel in the event this matter is to be retried. The degree of personal involvement by a defendant-lawyer in a criminal proceeding makes it extremely difficult for that person to fairly and objectively evaluate the facts and legal issues. We are confident from the record presented that the defendant's attempt to represent herself before the jury materially prejudiced her case. The written briefs and oral presentation made by the defendant in the present case were disorganized, confusing and difficult for this court to follow. In the event the defendant is without funds, she should investigate with the trial court the possible appointment of counsel under the Criminal Justice Act.