UNITED STATES of America, Appellee,

v.

Peter POMPONIO et al., Appellants.

No. 74–1758.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1975.

Decided Dec. 16, 1975.

---

**248**

Albert J. Ahern, Jr., Baileys Crossroads, Va., for appellant Charles J. Piluso.

Alan Y. Cole, Washington, D. C. (Lee A. Schutzman, Cole & Groner, Stuart E. Seigel and Cohen & Uretz, Washington, D. C., on brief), for appellants Peter Pomponio and Paul Pomponio.

Thomas K. Moore, Asst. U. S. Atty. (David H. Hopkins, U. S. Atty. and Charles E. Brookhart, Atty., Tax Div., U. S. Dept. of Justice, on brief), for appellee.

Before RUSSELL, FIELD and WIDENER, Circuit Judges.

WIDENER, Circuit Judge:

Peter, Paul, and Louis Pomponio are brothers who were business associates involved in the development, construction, and operation of high-rise office and apartment buildings in the District of Columbia-Northern Virginia area. Charles Piluso was their attorney. The four were originally indicted on September 24, 1973 on several counts of income tax evasion and conspiracy to commit income tax evasion. This indictment was superseded by another grand jury indictment on November 14, 1973 in which they were each indicted on three counts of filing a false income tax return in violation of 26 U.S.C. § 7206(1) and jointly indicted for conspiracy with others to defraud the United States by impeding the ascertainment and collection of income taxes and withholding taxes by various means in violation of 18 U.S.C. § 371. Due to illness, Louis Pomponio was severed from the case and tried separately. Prior to trial, the United States struck from the conspiracy indictment that portion of it dealing with withholding taxes and several of the means alleged to have been used.

The trial commenced on March 19, 1974. After the jury was empaneled and the government made its opening statement, the court severed Count I, the conspiracy count. The defendants were then tried and each was convicted on three counts of filing a false return. From these convictions they appeal.

The income tax fraud alleged was principally based on two allegations: (1) the various corporations owned or controlled by the defendants would list as loans amounts paid to the defendants, which amounts were actually income taxable to the defendants; (2) the defendants deducted losses attributed to a partnership which actually did not have the losses to attribute to the partners because such losses were actually those of a corporation.

The defendants allege numerous errors, including several involving the jury instructions. We are of opinion that the court's instruction as to motive was incorrect as used in the case before us, and that it erred in refusing to give a requested instruction on good faith belief of the defendants as to the nature of the loans especially and the deductibility of the partners losses. We express no opinion on the other issues raised, but their very numbers may indicate that many of them are patently without merit.

The offense charged was that the defendants "willfully" made and subscribed

income tax returns to be filed with the Internal Revenue Service, which were verified by written declarations made under penalties of perjury, and which the defendants did "not believe to be true and correct as to every material matter," in violation of 26 U.S.C. § 7206(1). The disputed instructions turn on the meaning of the word willfully.

The Supreme Court recently dealt with the meaning of willfully in 26 U.S.C. § 7206. *United States v. Bishop,* 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), involved a dispute as to whether willfully meant the same in 26 U.S.C. § 7207, a misdemeanor statute, as it did in 26 U.S.C. § 7206, a felony statute. The court held that the meaning was the same in both and went on to clarify and reaffirm its earlier interpretation of willfully as "the bad purpose or evil motive described in *Murdock,* supra [*Murdock v. United States,* 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381 (1933)]". *Bishop* at p. 361, 93 S.Ct. at p. 2017. See also *Spies v. United States,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943).

*Murdock* involved a willful failure to supply information to the revenue service. The court held that willful, when used in a criminal statute, ". . . generally means an act done with a bad purpose . . .; without justifiable excuse . . .; stubbornly, obstinately, perversely . . . the word is also employed to characterize a thing done without ground for believing it is lawful . . . or conduct marked by careless disregard whether or not one has the right so to act . . . ." *Murdock,* 290 U.S. at 394, 54 S.Ct. at 225. (Citations omitted). In connection with finding a willful failure to observe the directions of a statute as to furnishing information to the revenue service, the court stated the defendant had a right to have the "absence of evil motive submitted to the jury," *Murdock* at 396, 54 S.Ct. at 226 and the jury might acquit if it found the refusal to furnish the information was "not prompted by bad faith or evil intent." The *Murdock* court approved a

reversal of a conviction because the defendant was refused a jury charge that they should consider whether the defendant's refusal to supply information was in "good faith and based upon his actual belief" in considering whether the refusal was "willful." See *Murdock,* p. 393, 54 S.Ct. 223, 225, for the form of the instruction.

■ In the case at hand, the district court gave detailed instructions as to the meanings of intent and motive. Motive was described as "what prompts one person to act or fail to act," while intent "refers only to the state of mind with which the act is done or omitted." The court then went on:

"Good motive alone is never a defense where the act done or omitted is a crime. So the motive of the accused is immaterial except insofar as evidence of motive may aid determination of state of mind or intent."

In light of *United States v. Bishop,* this instruction was improperly used here. Although the instruction was given to explain the difference between intent and motive, and would have been correct in most criminal trials, the Supreme Court indicated in *Bishop* that the statute at hand requires a finding of a bad purpose or evil motive. Since good faith is required by *Murdock,* as referred to in *Bishop,* to be considered by the jury in determining whether or not the act charged was done willfully, excluding good motive from the consideration of the jury in a case for violation of 26 U.S.C. § 7206(1) is inconsistent with *Bishop.* We note that in a considered *dictum* we have stated that, in a discussion of "willfully" under the same series of statutes, "[i]t is possible that purpose and motivation may be found by a jury to negate willfulness." *United States v. Snider,* 502 F.2d 645, 657 (4th Cir. 1974). Accord, *United States v. Pohlman,* 510 F.2d 414 (8th Cir. 1975); but see *United States v. McCorkle,* 511 F.2d 482 (7th Cir. 1975).

■ The district court gave full and complete instructions to the effect that

the jury could convict only if it found that the defendants had signed the returns knowing them to be false. However, since there was evidence which may have tended to show that the defendants might have believed the payments to be loans, they were entitled to an instruction on that point. *United States v. Mitchell*, 495 F.2d 285 (4th Cir. 1974). The same reasoning applies to the claimed losses on account of the partnership. Since a good faith belief would tend to negate the elements of willfulness and knowledge, they were entitled to an instruction similar to that described in *Murdock v. United States*, 290 U.S. 389, 393, 54 S.Ct. 223, 78 L.Ed. 381 (1933), and they were entitled to have good motive not excluded from jury consideration.

Reversed and remanded for a new trial.