UNITED STATES of America, Appellee,

v.

Albert L. HONEA, Appellant.

No. 76–2115.

United States Court of Appeals,
Eighth Circuit.

Submitted June 13, 1977.

Decided June 17, 1977.

---

Leon B. Catlett, Catlett & Henderson, Little Rock, Ark., on brief, for appellant.

W. H. Dillahunty, U. S. Atty., and Fletcher Jackson, Asst. U. S. Atty., Little Rock, Ark., on brief, for appellee.

Before HEANEY, ROSS and STEPHENSON, Circuit Judges.

PER CURIAM.

Albert L. Honea appeals from a jury conviction of four counts of income tax evasion in the years 1969, 1970, 1971 and 1972 in violation of 26 U.S.C. § 7201. He alleges that the district court[1] erroneously admitted government's Exhibit 121 (net worth summary) into evidence and that the trial court erred by refusing three jury instructions requested by the defense. We affirm the conviction.

Honea owns numerous rental houses and a small motel in North Little Rock, Arkansas. The government sought to prove at trial that the substantial increase of Honea's net worth, evidenced by his ownership of 32 rental homes in 1972 compared to his ownership of approximately 10 rental homes in 1969, was due to unreported taxable income. Honea filed tax returns in each

of the years in question. He had taken his summaries of rental and motel income and expenses to a C.P.A. who then prepared the depreciation schedules, the returns, and computed the tax, finding that there was no taxable income, thus no tax due in any of the four years. Honea signed the tax returns and mailed them. Using the net-worth method, the government calculated that the taxable income and tax due for each of the years was tax of $10,555.93 on income of $28,885.64 in 1969; $1,879.07 on $8,889.53 in 1970; $799.66 on $4,522.18 in 1971; and $7,950.00 on $29,603.58 in 1972.

*Exhibit 121*

Honea argues that the trial court erred in admitting into evidence government's Exhibit 121 over his objection. This exhibit was a chart that summarized all the evidence introduced during the trial which related to Honea's net worth on December 31 of each of the years 1967 through 1972. Defendant objected to the introduction of the chart on the grounds that the government could not conclusively show that he had no assets on December 31, 1968, other than those illustrated on the chart. We find this contention without merit.

The thrust of appellant's claim is that the government did not negate every possible asset Honea may have possessed at the beginning of the prosecution years, thus reducing the alleged growth in net worth reflected on the chart. For example, appellant points out that the agent making the investigation inquired of appellant during the investigation on April 5, 1974, whether appellant had any stocks or bonds or certificates of deposit, and upon receiving a negative answer, failed to further determine if such were true at the beginning of the prosecution period (January 1, 1969). The district court in overruling the objection commented that defense counsel was free to point out to the jury any defects in the government's computations. In addition, the court properly instructed the jury that

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas.

in cases wherein the government attempts to prove there is unreported income by showing that the defendant's net worth increased substantially, the government must establish the opening net worth "with reasonable certainty." *Holland v. United States,* 348 U.S. 121, 132, 75 S.Ct. 127, 99 L.Ed. 150 (1954); *United States v. Stone,* 531 F.2d 939, 941 (8th Cir. 1976).

■ We are satisfied from our examination of the record that the government met its burden of showing with reasonable certainty the beginning net worth of appellant for each of the years in question. Mr. Honea had been investigated by special agents of the Internal Revenue Service in 1968 for the years 1965 through 1967. In connection therewith a net worth computation had been prepared by government agents showing Honea's net worth as of December 31, 1967. This computation was then presented to Honea's attorney and he acquiesced in the computation.[2] Moreover, in the instant trial Honea testified that his net worth increases were due to depreciation claimed on his tax returns. He made no claim then, nor does he now, that there actually existed a certificate of deposit on December 31, 1968. The record further indicates that the financial institutions that Honea told the agent he did business with were all contacted and their records of dealings with Honea were introduced at the trial as various exhibits. Every lead furnished by Mr. Honea was followed. *Holland v. United States, supra,* 348 U.S. at 135–36, 75 S.Ct. 127. Although the burden of proof does not shift "[o]nce the Government has established its case, the defendant remains quiet at his peril." *Id.* at 138–39, 75 S.Ct. at 137.

*Instructions*

■ Honea further alleges that the trial court's refusal to give three jury instructions requested by Honea was error. Because these claims are clearly without merit, we will not reproduce the requested or proffered instructions. It is sufficient to note that Honea's requested instruction 7 concerned the inference to be drawn between an increase in net worth and fraudulent intentions. Honea's requested instruction 9 explained the difference between a willful failure to report, and a negligent, careless or mistaken failure to report, all taxable income. Both of these requested instructions were unnecessary and cumulative in light of the instructions given by the trial court. The instructions given were almost identical to instructions approved by this court in like cases. *United States v. Pohlman,* 510 F.2d 414, *rehearing en banc,* 522 F.2d 974 (8th Cir. 1975), *cert. denied,* 423 U.S. 1049, 96 S.Ct. 776, 46 L.Ed.2d 638 (1976); *United States v. Berzinski,* 529 F.2d 590 (8th Cir. 1976).

Honea's requested instruction 8 stated that the jury could consider as evidence of a person's good faith belief that he paid all taxes due, that the person cooperated with IRS agents who investigated the case. The court gave a completely adequate instruction concerning the issues of good faith, willfulness, and intent. *United States v. Ojala,* 544 F.2d 940 (8th Cir. 1976); *United States v. Pohlman, supra; United States v. Berzinski, supra.* Reviewing the court's instructions as a whole, we find that they were proper, *United States v. Cartano,* 534 F.2d 788, 793 (8th Cir.), *cert. denied,* 429 U.S. 843, 97 S.Ct. 121, 50 L.Ed.2d 113 (1976), and it was not error to refuse the instructions requested by Honea.

The conviction is affirmed.

---

**2.** This was a civil matter and Honea paid the tax and penalties due.