MARGARET R. SUTHERLAND, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sutherland v. Comm'r
Docket No. 6601-77. United States Tax Court
T.C. Memo 1980-26; 1980 Tax Ct. Memo LEXIS 560; 39 T.C.M. (CCH) 963; T.C.M. (RIA) 80026; January 28, 1980, Filed *560 Held: respondent's deficiency determinaton sustained. Held further: Respondent's determination of additions to tax under sec. 6653(b) sustained. Margaret R. Sutherland, pro se. Alan I. Appel, for the respondent. CHABOT
MEMORANDUM FINDINGS OF FACT AND OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income taxes and additions to tax under section 6653(b) [1] (fraud), as follows: Addition to tax
Year
Deficiency
section 6653(b)
1971
$1,276.09
$638.05
1972
1,421.77
710.89
1973
1,827.00
913.50
The issues for decision are as follows: (1) Whether respondent erred in *561 determining the deficiencies asserted herein; and (2) Whether petitioner is liable for additions to tax under section 6653(b). FINDINGS OF FACT Some of the facts have been stipulated; the stipulation and the stipulated exhibits are incorporated herein by this reference. At the time the petition in this case was filed, petitioner resided in New York, New York. During 1971, 1972, and 1973, petitioner worked as a private duty nurse. Petitioner was referred to patients through Sullivan's Nurses Registry (hereinafter referred to as "Sullivan's") and was paid directly by the patients. The amounts petitioner reported to Sullivan's as income from patients for 1971, 1972, and 1973 were the amounts are actually received in each of these years. The amounts so reported to Sullivan's, the corresponding amounts reported by petitioner on her Federal income tax returns from her work as a private duty nurse, and the understatements of gross income from patients for each of the years are shown in table 1. Table 1 Gross Income From Patients Understatement
Actual Gross
Reported on
of Gross Income
Year
Income
Tax Returns
From Patients
1971
$ 7,082
$ 2,521
$ 4,561
1972
7,674
2,315
5,359
1973
9,030
2,985
6,045
Totals
$23,786
$7,821
$15,965
*562 During 1971, 1972, and 1973, petitioner maintained a savings bank account at the New York Bank for Savings from which she received interest income in the amounts of $309.68, $455.20, and $578.28, respectively. These amounts were not reported on petitioner's Federal income tax returns for 1971, 1972, and 1973. Petitioner kept her own records as to her correct income. This amount was the same as the amount determined by respondent. In addition to the foregoing, respondent determined a number of positive and negative adjustments to petitioner's business expenses which netted out to increased private duty nursing income of $307.90 for 1971, $411.30 for 1972, and $530 for 1973. Petitioner did not itemize "below-the-line" deductions on her Federal income tax returns. Petitioner was graduated from high school and thereafter took dramatic arts and literary courses and a business course. Petitioner trained in a number of hospitals. Petitioner was aware that she was required to pay income taxes; she timely filed income tax returns for each of the years here in issue. Petitioner did not file returns for 1974 through 1978. Petitioner omitted income on her returns so that *563 she would not have to pay any income tax. Petitioner knowingly and intentionally "manipulated the figures" on her returns so that she would not have to pay any income tax. Petitioner admitted to tax evasion and committing fraud on her 1971, 1972, and 1973 income tax returns. * * *
Petitioner understated her adjusted gross income for each of the years in issue. A part of the underpayment of tax resulting from these understatements of income was due to fraud for each of the years in issue.
OPINION 1. Deficiency in Income Tax
Petitioner stipulated that she understated gross receipts from her private duty nursing business and that she omitted savings bank interest income from her tax returns for each of the years in issue, in the amounts determined by respondent. Petitioner has not challenged any of respondent's adjustments to income and she has not claimed entitlement to any deductions (other than and business expense deductions allowed by respondent). We hold for respondent on the asserted deficiencies.
2. Fraud Addition to Tax
Respondent determined that all or a part of the underpayments in income taxes for 1971, 1972, and 1973 were due to petitioner's fraud. *564 Petitioner does not dispute that there were underpayments and that she manipulated her returns, evaded taxes, and committed fraud, but raises several purported justifications for her actions. We agree with respondent. In order to sustain his determination as to the fraud addition to tax [2] for a year, respondent must prove, by clear and convincing evidence, that some part of an underpayment for that year is due to fraud.Sec. 7454(a); [3]Rule 142(b), Tax Court Rules of Practice and Procedure; e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). He need not prove the precise amount of underpayment resulting from fraud, but only that there is some underpayment and that some part of it is attributable to fraud. Plunkett v. Commissioner,465 F.2d 299, 303 (CA7 1972), affg. a Memorandum Opinion of this Court; [4]Otsuki v. Commissioner,supra at 105; Estate of Brame v. Commissioner,25 T.C. 824, 832 (1956), affd. per curiam 256 F.2d 343 (CA5 1958). *565 Viewing the record as a whole, we conclude that respondent has sustained his burden of proof by clear and convincing evidence for each of the years in issue. Petitioner understated gross receipts from her private duty nursing and from her interest on her savings account for each of the years in issue. Petitioner omitted this income so that she would not have to pay any tax, even though she was aware that she was required to pay income taxes. Petitioner knowingly and intentionally manipulated her income tax returns, and admitted to tax evasion and fraud for each of the years before the Court. Petitioner filed no returns for 1974 through 1978. This record leaves no doubt that at least part of the underpayment of taxes for each year in issue was due to petitioner's knowing and conscious fraud.
Petitioner, however, asserts that her actions were justified for several reasons, directing our attention to (1) her strong belief that the Government has no right to compel her to support that which her conscience tells her is "unjus, un-American, unconstitutional, inhumane, corrupt and morally wrong"; (2) her belief that she has the right, under "the Amendments of the Constitution of the *566 United States of America, the Bill of Rights, and the Declaration of Independence," to rebel against the government and refuse to support it through taxes; and (3) her assertions that she cannot "afford to pay City, State, Federal and Social Security taxes, without being placed in a state of poverty and welfare" and that "an individual of low income, such as myself, does not deliberately intend to defraud the government of its taxes but is compelled to do so because of economic reasons and for self-preservation". We do not doubt the sincerity of petitioner's complaints about the present state of society and government, and the sincerity of her judgments as to priorities in her personal budget as between paying her Federal income taxes and paying other items. However, such beliefs are not relevant to the issue of whether petitioner committed fraud on her 1971, 1972, and 1973 returns. Such beliefs do not detract from the showing that has been made on the record herein. ( Pigman v. Commissioner,31 T.C. 356, 370 (1958); L. Schepp Co. v. Commissioner,25 B.T.A. 419, 440 (1932)) that petitioner voluntarily and intentionally violated her known legal *567 duty; she did so in order to defraud the Federal Government of her income taxes. United States v. Pomponio,429 U.S. 10, 12 (1976). We hold for respondent on the fraud additions to tax. Decision with be entered for the respondent
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the taxable years in issue.↩
2. SEC. 6653. FAILURE TO PAY TAX. * * *
(b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. In the case of income taxes and gift taxes, this amount shall be in lieu of any amount determined under subsection (a). * * * ↩
3. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud.--In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary. [This language reflects an amendment since 1971 which has no effect on the instant case.] ↩
4. T.C. Memo. 1970-274↩.