**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Lawrence Jay GOLDBERG,
Defendant-Appellee.**

**No. 76–3085.**

United States Court of Appeals,
Ninth Circuit.

March 14, 1977.

Paper Co. v. Moody, supra, 422 U.S. 414 n. 8, 95 S.Ct. 2362.

William D. Keller, U. S. Atty., Eric A. Nobles, Asst. U. S. Atty., Chief Crim. Div., submitted brief, Deanne H. Smith, Asst. U. S. Atty., Los Angeles, Cal., for plaintiff-appellant.

Bruce Wofle, Los Angeles, Cal., submitted brief, for appellee.

Before TRASK and GOODWIN, Circuit Judges, and THOMPSON,* District Judge.

* Honorable Bruce R. Thompson, United States District Judge, Reno, Nevada, sitting by designation.

## OPINION

**PER CURIAM:**

This appeal is taken by the government from the trial court's dismissal without prejudice of the indictment for misjoinder of offenses. The first five counts of the indictment charge that on June 18, 1976, appellee did willfully and for profit infringe the copyright of the copyright owner by selling five motion pictures, in violation of 17 U.S.C. §§ 1 & 104. Count Six charges that appellee, on June 17, 1976, did unlawfully take, with the intent to convert to his own use, the same five motion pictures, each of which was part of an interstate shipment, in violation of 18 U.S.C. § 659.

Rule 8(a) of the Federal Rules of Criminal Procedure provides that two or more offenses may be charged in the same indictment if the offenses charged (1) are of the same or similar character, (2) are based on the same act or transaction, or (3) are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. The availability of Rule 14 of the Federal Rules of Criminal Procedure "as a remedy for prejudice that may develop during the trial permits Rule 8 to be broadly construed in favor of initial joinder. . . ." *United States v. Friedman*, 445 F.2d 1076, 1081 (9th Cir.), *cert. denied*, 404 U.S. 958, 92 S.Ct. 326, 30 L.Ed.2d 275 (1971).[1]

Before the trial court, the government indicated that it would show at trial that appellee stole the films for the purpose of selling them the next day, and thus that the offenses were part of a common plan. Because of the proximity of time and the sameness of subject matter, the likelihood that the government would succeed in making such a showing is great. Hence, we find that the joinder at issue initially meets the requirements of Rule 8(a). The trial court indicated that there was a misjoinder in the indictment because the theft and the infringement required proof of two different kinds of willfulness. We have examined both statutes and find nothing to support such a determination.[2] Should it be demonstrated that appellee is correct and that prejudice will necessarily ensue, Rule 14 provides the protection that appellee will require without a dismissal of the indictment. Because impermissible prejudice to appellee by the joinder has not been demonstrated, we vacate the trial court's order dismissing the indictment and remand this case to the trial court for further proceedings consistent with this opinion.

---

1. "If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires. In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial."

2. For a similar conclusion in a different but not disparate context see *United States v. Bishop*, 412 U.S. 346, 361 n. 9, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973).