647 F.2d 166
 81-1 USTC P 9346
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
United States of America, Plaintiff-Appellee
v.
William L. Davis and Hazel M. Davis, Defendants-Appellants.
 No. 80-5211.
 United States Court of Appeals, Sixth Circuit.
 February 25, 1981.
 
 1
 Before KEITH and MERRITT, Circuit Judges, and HILLMAN.*
 
 Order
 HILLMAN, District Judge
 
 2
 This is an appeal from a jury conviction for violation of Internal Revenue Code, 26 U.S.C. Sec. 7201. Appellants Hazel and William Davis were convicted of willfully and knowingly attempting to evade a large part of their income tax for the calendar years 1973, 1974, 1975 and 1976.
 
 
 3
 The appellants have stipulated to the following tax deficiencies: 1973 = $6,850; 1974 = $11,033; 1975 = $13,044; 1976 = $4,431. The appellants also stipulate to the fact that they understated their income for the four years by $98,000: 1973 = $20,248; 1974 = $32,021; 1975 = $30,561; 1976 = $15,512. Because of the stipulations, the only issue before the court is whether the understatements were willful. The appellants defense was that they had given all information to their accountant and, therefore, there was no intentional deceit, merely unintentional undercounting.
 
 
 4
 The basic elements required for a conviction under Section 7201 are: there must be an apparent act of wrongdoing; there must be a tax due and owing for the year involved; and there must be a showing of willfulness. The parties have stipulated to the first two elements. The only dispute is whether the appellants willfully attempted to evade paying the taxes.
 
 
 5
 Appellants, in arguing that there is insufficient evidence to establish willfulness, contend that they were merely negligent in not reporting certain income as taxable. It is clear from the caselaw that negligence and carelessness is insufficient to constitute the necessary criminal intent to establish willfulness. See United States v. Bishop 412 U.S. 346 (1973). To support their negligence defense, appellants rely heavily on Holland v. United States, 348 U.S. 121, 139 (1954), for the proposition that a mere understatement of income does not prove willfulness
 
 
 6
 A final element necessary for conviction is willfulness. The petitioners contend that willfulness "involves a specific intent which must be proven by independent evidence and which cannot be inferred from the mere understatement of income." This is a fair statement of the rule. Here, however, there was evidence of a consistent pattern of underreporting large amounts of income, and of the failure on petitioners' part to include all of their income in their books and records. Since, on proper submission, the jury could have found that these acts supported an inference of willfulness, their verdict must stand. (citation omitted)
 
 
 7
 Although appellants rely on dicta in Holland, the Court there did not rule in favor of the taxpayer. In that case the government's computation showed an increase of $32,000 in the taxpayers' net worth during 1948, for which they reported on $10,211 as taxable income. The taxpayers claimed that the government failed to include its opening net worth figure, $104,000 of currency accumulated before 1933. The government introduced no direct evidence to dispute this claim, but relied on the inference that anyone who had $104,000 in cash would not have undergone the hardships and deprivations shown to have been endured by petitioners during the 1926-1940 period. The evidence further indicated that improvements to a hotel and other assets acquired during the 1946-48 period were bought in installments, as if out of earnings rather than accumulated cash, and the taxpayers' income tax returns as far back as 1913 showed that their income was insufficient to enable them to save any appreciable amount of money. There was independent evidence of a likely source of unreported taxable income which the jury could reasonably find to be the source of the increase in petitioners' net worth and independent evidence from which the jury could reasonably infer willfulness.
 
 
 8
 In addition to the fact that the dicta in Holland is a weak source to support the appellants' position here, it should also be noted that Holland and many other cases indicate that willfulness can be inferred from a consistent pattern of underreporting large amounts of income; failure to supply an accountant with accurate and complete information; false statements to internal revenue service agents; and making of large, non-deductible expenditures far in excess of reported taxable income.
 
 
 9
 There is sufficient evidence to support the jury's finding of willfulness by inference in the instant case. In every instance the amount which the appellants failed to report exceeded the amount which was reported. When the appellants were interviewed and asked about their sources of income, they failed to tell the Internal Revenue Service agent about income from the rental of parking space to a mobile home company; income from a second rental house located in Chattanooga, Tennessee; and income from vending machines. In addition they failed to tell the auditor about the $10,000 down payment made on the purchase of the restaurant. The appellants failed to report any income on their tax returns from the rental of the mobile home parking space, the rental of the houses in Chattanooga, and did not report any vending machine income until the 1976 return, which was filed after the investigation had commenced.
 
 
 10
 Given the appellants' accounting system, it is difficult to imagine that they could continually accidentally deposit money in their bank account and not report the same to their accountant. The appellants argue that the understatement could have been caused by the accountant's duplication of expenses. However, the accountant testified that he retained custody of all invoices for one month after posting them to his records to preclude the possibility that expenses might be duplicated by receiving the same invoices the next month. The appellants failed to produce any evidence of duplication for the entire four-year period.
 
 
 11
 There was sufficient evidence so that a jury could reasonably infer willfulness. Accordingly, the judgment upholding the jury verdict is affirmed.
 
 
 
 *
 Hon. Douglas W. Hillman, United States District Court for the Western District of Michigan, sitting by designation