Kay SEBAN, and June Yockey, et al., Plaintiffs,

v.

John R. BLOCK, et al., Defendants.

No. IP 83–1065–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 10, 1985.

Chris Sautter, Marsha R. Bradford and Susan A. Failey, Legal Services Organization of Indiana, Inc., Bloomington, Ind., for plaintiffs.

Charles Goodloe, Jr., Asst. U.S. Atty., Gary Shaw, Deputy Atty. Gen., Indianapolis, Ind., Elizabeth Pugh, U.S. Dept. of Justice, Washington, D.C., for defendants.

## MEMORANDUM ENTRY

NOLAND, Chief Judge.

## I.

## INTRODUCTION

This cause is before the Court on cross-motions for summary judgment and on plaintiffs' motion for class certification. The plaintiffs, Seban and Yockey, are beneficiaries of both the Food Stamp Act, 7 U.S.C. §§ 2011 *et seq.* and the Low Income Housing Energy Assistance Act ("LIHEAA"), 42 U.S.C. §§ 8621 *et seq.* Block and Van Vleet ("the federal defendants"), and Blinzinger and Green ("the state defendants") are in charge of administering the food stamp program in Indiana.

In this action the plaintiffs are challenging the defendants' policy of disallowing some energy cost deductions, which results in a reduction of food stamp benefits for some, but not all, LIHEAA beneficiaries. The plaintiffs claim that this policy violates both the LIHEAA, 42 U.S.C. § 8624(f), and their rights to equal protection. This Court now rules in favor of the plaintiffs and holds that the defendants' policy violates 42 U.S.C. § 8624(f). Having so held, the Court does not reach the plaintiffs' equal protection claim.

The ultimate issue in this case is the reconciliation of the following two statutory provisions:

LIHEAA, 42 U.S.C. § 8624(f) [1]:

*Notwithstanding any other provision of law,* the amount of any home *energy* assistance *payments* or allowances provided to an eligible household ... *shall not be considered income or resources* of such household ... *for any purpose under any Federal or State law, including* any law relating to ... *food stamps....* (Emphasis added.)

Food Stamp Act, 7 U.S.C. § 2014(e):

Households ... shall also be entitled, with respect to expenses *other than expenses paid on behalf of the household by a third party,* to ... an excess shelter expense deduction.... (Emphasis added.)

The reconciliation of the statutes turns on the meaning of "income or resources" in § 8624(f).

The defendants have interpreted these statutes such that food stamp benefits remain unchanged for LIHEAA beneficiaries who receive a direct energy payment from the government. However, food stamp benefits are decreased for LIHEAA beneficiaries whose LIHEAA benefits are sent directly to the energy vendors.[2] This difference arises because the defendants do not allow the plaintiffs to take an energy expense deduction for the energy expenses paid by the government to the vendor. The plaintiffs argue that under the correct interpretation of these statutes, LIHEAA payments cannot affect the beneficiaries' energy deduction for food stamp purposes. An understanding of both programs and the defendants' interpretation of the statutory provisions is necessary to resolve this dispute.

## II.

## FACTUAL BACKGROUND

A recipient's food stamp benefits are calculated by deducting certain expenses from her gross income to arrive at a net income figure. This net income figure and the size of the recipient's family determine her food stamp benefits. 7 C.F.R. § 273.9(a). (The benefit is the difference between the face value of the food stamp coupons the recipient can buy and the amount she must pay to get the coupons.) Gross income includes both earned and ordinary unearned income (including benefits from pensions, Social Security, and Unemployment Compensation.) 7 C.F.R. § 273.9(b). The allowable deductions are: an excess shelter expense deduction (which includes energy expenses and other continuing charges such as rent or mortgage payments, cooking fuel, electricity, water and sewage, the fee for one basic phone, and some repair costs), a standard deduction, a percentage of earned income, excess medical expenses, and the cost of dependent care for people who work. 7 C.F.R. § 273.9(d). Expenses paid by a third party (someone not in the family unit applying for food stamps) cannot be deducted. 7 U.S.C. § 2014(e).

The other benefit program involved in this case is the LIHEAA, which provides energy assistance to low income families. The Secretary of Health and Human Services provides grants to the states, which then disburse the funds either by direct payments to the beneficiaries ("direct payments") or by payments made to the ener-

---

1. 42 U.S.C. § 8624(f) replaced the nearly identical provision found in the Home Energy Assistance Act of 1980, 42 U.S.C. § 8612(c), which read:

Notwithstanding any other provision of law, the amount of any fuel assistance payments or allowances provided to an eligible household under this chapter shall not be considered income or resources of such household (or any member thereof) for any purpose under any Federal or State law, including any law relating to taxation, public assistance or welfare program.

2. This holds true for all LIHEAA and food stamp beneficiaries across the country except those living in the Eighth Judicial Circuit. Beneficiaries in the Eighth Circuit can claim deductions for energy expenses paid by LIHEAA vendor payments pursuant to *Schmeige v. Sec. of Ag.,* 693 F.2d 55 (1982). This Court is unaware of any similar change made in the federal defendants' policy in Idaho pursuant to *Dept. of Health and Welfare, State of Idaho v. Block,* No. 84–1106 (D.Idaho 12/21/84) *appeal filed* or in Montana pursuant to *Harkins v. Block,* No. CV–84–124–M (D.Mont. 5/22/85).

gy suppliers ("vendor payments"). In Indiana the LIHEAA is implemented through Project SAFE. The LIHEAA provides that any benefits from this program will not be included as income or resources for any purpose under any federal or state law, including any law relating to food stamps. 42 U.S.C. § 8624(f). If not for this provision, LIHEAA benefits would be included as ordinary unearned income, and therefore as gross income, for food stamp benefit determinations.

Based on their interpretation of 7 U.S.C. § 2014(e), defendants classify LIHEAA vendor payments as third party payments for food stamp benefit determinations, and thus do not allow the plaintiffs to deduct those energy bills paid by Project SAFE through vendor payments. However, the defendants allow direct payment beneficiaries to claim an energy expense for the full amount they pay for energy even though some or all of the money paying the expense is from the government. (The defendants do not include either type of LIHEAA payment in recipients' gross income. 42 U.S.C. § 8624(f) clearly prohibits them from doing otherwise.) Thus, the difference in manner of LIHEAA payment results in a disparity in food stamp benefits. For example, a $30 per month disparity in food stamp benefits results when two hypothetical four person families have identical income and expenses, but one receives its $100 per month LIHEAA benefit as a direct payment from Project SAFE and the other receives it as a vendor payment. (See calculations and chart submitted on page 9 of Memorandum Of Plaintiff In Support Of Motion For Summary Judgment.)

The facts are undisputed in the case before the Court. The plaintiffs are both certified food stamp recipients whose food stamp benefits were reduced as a result of LIHEAA benefits which they received in the form of vendor payments. The plaintiffs applied for energy assistance grants for the 1982–83 winter months through the Indiana Project SAFE program. On or about January 29, 1983, Project SAFE notified the plaintiffs that their applications for

SAFE assistance had been approved, that they were eligible to receive credit for utility expenses, and that their utility suppliers would be paid directly for those utility expenses covered by Project SAFE. One month to six weeks later, the Bartholomew County Department of Public Welfare ("County Department") notified the plaintiffs that their food stamp benefits would be reduced because Project SAFE was paying their utilities. The plaintiffs appealed said reductions, and on May 4, 1983, the Indiana Department of Welfare ("Indiana Department") held a fair hearing on their appeal. On May 31, 1983, the Indiana Department notified Yockey that her appeal of the County Department's decision had been denied because the County Department had properly excluded, as a shelter expense, the utility expenses for which Yockey received Project SAFE assistance. On June 8, 1983, the Indiana Department notified Seban that her appeal was denied for the same reason. Plaintiffs subsequently filed this action on July 22, 1983.

### III.

### SUMMARY JUDGMENT

This case is properly decided on summary judgment motions. As required by Fed. R.Civ.P. 56, there is no genuine issue of material fact and the plaintiffs are entitled to judgment as a matter of law. (The only fact in dispute is whether any Indiana citizens receive LIHEAA payments direct from the State or whether all Indiana LIHEAA recipients receive their LIHEAA benefit in the form of a vendor payment. This factual dispute is not relevant to the determination of the plaintiffs' claim that the defendants are violating 42 U.S.C. § 8624(f). It might be relevant to the plaintiffs' equal protection claim, which the Court is not ruling upon.)

Although the ultimate issue the Court must reach is how to reconcile § 8624(f) of the LIHEAA with § 2014(e) of the Food Stamp Act, the major issue before this Court is determining what Congress meant when it said that LIHEAA payments are

not to be considered "income or resources ... for any purpose." Congress supplied the Court with the answer to the ultimate issue of reconciliation when it enacted § 8624(f) and stated that it was to be followed "[n]otwithstanding any other provision of law." Thus, once the Court determines the meaning of § 8624(f), the two sections are reconciled by following the directives in § 8624(f) in any instance where they conflict with provisions in § 2014(e).

■■■ The Court finds that "income or resources" should be interpreted broadly so as to effectuate Congress' intent that LIHEAA payments would not affect food stamp benefits. In so finding, the Court realizes that the Secretary's interpretation of a statute he is charged with administering is entitled to substantial deference. *U.S. v. Rutherford*, 442 U.S. 544, 553, 99 S.Ct. 2470, 2476, 61 L.Ed.2d 68 (1979). However, for the reasons set forth herein, the Court finds that the Secretary's interpretation is not what Congress intended.

Section 8624(f) is ambiguous, so the Court must look beyond the clear language of the statute. The Court has reached the conclusion that the broad definition of "income or resources" was intended because that definition gives § 8624(f) a sensible meaning, is consistent with the context in which the phrase appears, and is supported by the legislative history.

### A. The Clear Language.

■■■ The Court must start with the language of the statute itself in analyzing § 8624(f). *Bread Political Action Comm. v. Fed. Election Comm'n*, 455 U.S. 577, 580, 102 S.Ct. 1235, 1237, 71 L.Ed.2d 432 (1982). If the statute is plain and unambiguous, the Court's duty is to give effect to the terms and go no further. *U.S. v. Rutherford*, 442 U.S. at 551, 99 S.Ct. at 2475. Unfortunately, § 8624(f) is not clear because the LIHEAA does not define "income or resources," and that phrase is subject to two conflicting interpretations. The defendants argue that the phrase should be interpreted narrowly so as to include gross income. The plaintiffs argue that the phrase should be interpreted broadly so as to include only net income. Under this broad definition, deductions could not be decreased as a result of LIHEAA benefits because that would increase net income.

The defendants argue that "income or resources" should be given its usual definition of gross income or resources because Congress did not define the phrase otherwise in the LIHEAA and because, in case anyone doubted it, one look at the Tax Code, 26 U.S.C. §§ 161 *et seq.*, shows that Congress knows how to say "deduction." Even if the Court were to accept the defendants' claim that "income or resources" usually means gross income or resources, the Court would not be required to hold that definition binding on the LIHEAA. This Court has some basis for adopting the broad rather than the "usual meaning of [a statute's] words where acceptance of that meaning would lead to absurd results ... or would thwart the obvious purpose of the statute...." *In Re Trans Alaska Pipeline Rate Cases*, 436 U.S. 631, 643, 98 S.Ct. 2053, 2061, 56 L.Ed.2d 591 (1978), quoting *Comm'r v. Brown*, 380 U.S. 563, 571, 85 S.Ct. 1162, 1166, 14 L.Ed.2d 75 (1965) (citations omitted). As discussed below, the narrow meaning of "income or resources" produces the absurd result of § 8624(f) rewarding recipients who misuse energy payments and thwarts the apparent purpose of the statute as shown by legislative history and the context in which "income or resources" appears.

■■■ The defendants, while arguing that § 8624(f) is clear, suggest that the Court should solve the problem of interpreting "income or resources" by looking at the definition given in the Food Stamp Act, 7 U.S.C. § 2014(d). Although the definition may be relevant and/or persuasive, it is not controlling. To determine the clear meaning of a phrase in the LIHEAA, the Court must look to the LIHEAA, not to the Food Stamp Act, even though the Court is trying to reconcile the two statutes. The fact that the defendants point to an outside statute

to define "income or resources" in the LIHEAA is further evidence that the statute is not clear by itself.

## B. *Each Section Of A Statute Should Have Meaning.*

■ In construing a statute, the courts assume that Congress intends each section to have meaning. *See, e.g., FAA v. Robertson*, 422 U.S. 255, 261, 95 S.Ct. 2140, 2145, 45 L.Ed.2d 164 (1975). The Court assumes that by adding § 8624(f), a section that is not required by law and that is not in other federal grant programs (*e.g.*, Aid to Families with Dependent Children, 42 U.S.C. §§ 601 *et seq.*, and Lower-Income Housing Assistance Program, 42 U.S.C. § 1437f), Congress intended to change the normal procedures that would otherwise be followed.

If the narrow definition of "income or resources" is used, a vendor payment beneficiary's income is not increased, but her deductions are decreased, which causes a decrease in her food stamp benefits. Although the calculations are slightly different, this is the same bottom line that would have been reached if Congress had not added § 8624(f) to the LIHEAA. However, neither a direct payment beneficiary's income nor her deductions would be changed by § 8624(f) and the broad definition. Using the narrow definition, as urged by the Secretary, produces the absurd result of rewarding (with greater food stamp benefits) those households which use government energy assistance payments for expenses other than that for which they were intended. *Dept. of Health and Welfare, State of Idaho v. Block*, No. 84–1106, slip op. at 8 (D.Idaho 12/21/84) *appeal filed.* Although, arguably, this narrow definition gives § 8624(f) meaning, it does not give said section a *sensible* meaning.

If the broad definition of "income or resources" is used, income is not increased and deductions are not decreased, therefore, food stamp benefits remain constant for both direct and vendor payment beneficiaries. The bottom line using the broad definition is different from what would

have been reached without § 8624(f). Thus, the broad definition of "income or resources" gives meaning to § 8624(f).

Section 2014(e) is meaningful when either the narrow or broad definition is used. Section 2014(e) does not allow deductions for third-party payments. When the narrow definition of "income or resources" is used, § 2014(e) remains completely intact. When the broad definition is used, § 2014(e) remains intact for all third party payments except LIHEAA vendor payments. Although the broad definition of "income or resources" narrows the applicability of § 2014(e), it in no way renders the section meaningless.

## C. *The Context.*

■ When a court attempts to determine the meaning of a phrase, it is necessary to look at the context in which the phrase appears. *U.S. v. Bishop*, 412 U.S. 346, 356, 93 S.Ct. 2008, 2015, 36 L.Ed.2d 941 (1973). The context of "income or resources" supports the use of a broad definition of the phrase.

■ Other phrases in the section in question are broad and appear to be all-inclusive. The section takes effect "[n]otwithstanding any other provision of law." LIHEAA payments are not to be considered income or resources "for *any* purpose under *any* Federal or State law." (Emphasis added.) The wording of § 8624(f) evidences Congressional intent to ensure that LIHEAA benefits would not decrease a recipient's benefits under any other law. A broad definition of "income or resources" effectuates this intent, while a narrow definition frustrates it.

Additionally, § 8624(f) impacts benefit calculations for numerous state and federal grant programs. It is reasonable to assume that Congress decided to use broad, general terms to accomplish its purpose, rather than specifically stating how benefits would be calculated under each of these programs. *Dept. of Health and Welfare, State of Idaho v. Block*, No. 84–1106, slip op. at 6 (D.Idaho 12/21/84) *appeal filed.*

## D. *Legislative History.*

The Court hesitates to give much weight to the legislative history in this case. Although legislative history can be enlightening, it is very easily manipulated and is never voted on or passed by Congress.[3] It is particularly difficult to divine Congressional intent from legislative history when, as is the case here, there are two pieces of legislative history, both directly on point, that are in direct conflict with each other. However, the legislative history of the LIHEAA is slightly more relevant, and therefore, slightly more persuasive. Thus, to the extent that the legislative history carries any weight, it weighs in favor of a broad definition of "income or resources."

The legislative history of the LIHEAA[4] specifically says that Food Stamp benefits will not be reduced when a household receives LIHEAA vendor payments. The conference committee report states:

> 6. The conference agreement requires that fuel assistance payments or allowances provided under this title will not be considered income or resources of an eligible household for any purpose under a Federal or State law. The conferees wish to emphasize that this provision applies regardless of whether the fuel assistance is paid directly to the household or to the supplier of energy to the household. *Thus, under any law, such as the Food Stamp Act of 1977,* which provides that benefits may depend on the expenditures of the household for fuel, any portion of these expenditures which may be paid by the fuel assistance program authorized in this conference agreement will not be considered a resource available to the household, even if the payment is made directly to the energy sup-

plier. Thus, under such a law, *benefits will be computed as if the total cost of the fuel, including the amount of assistance provided, had been paid by the household.*

H.R.Conf.Rep. No. 817, 96th Cong., 2d Sess. 154, *reprinted in* 1980 U.S.Code Cong. & Ad.News 642, 705–06.

Defendants fail in their attempt to discredit this legislative history by arguing that it is ambiguous because the word "deduction" is not used. The report very clearly expresses a Congressional intent that could only be followed if a broad definition of "income or resources" was used.

On the other hand, the legislative history of amendments to the Food Stamp Act shows that Congress intended that households not be allowed deductions for the energy costs covered by vendor payments and that a narrow definition of "income or resources" should be used. The House Committee on Agriculture, in its report on what became the 1980 amendments to the Food Stamp Act of 1977, considered the effect of the LIHEAA. After noting that the purpose of this provision was to guarantee that food stamp recipients would be held harmless and lose neither their program eligibility nor part of their allotment because of the receipt of energy assistance payments, the Committee stated that "[t]he new exclusion [of LIHEAA payments] would not affect the method of calculating deductions." H.R.Rep. No. 788, 96th Cong., 2d Sess. 123, *reprinted in* 1980 U.S. Code Cong. & Ad.News 843, 956. The House Committee on Agriculture further provided that:

> [W]here the energy allowance or grant takes the form of a *vendor payment,* as under existing law, *no deductible ex-*

---

**3.** Courts in the past have been able to rely on legislative history for important insights into Congressional intent. Without implying that this is no longer the case, we note that interest groups who have failed to persuade a majority of the Congress to accept particular statutory language often are able to have inserted in the legislative history of the statute statements favorable to their position, in the hope that they can persuade a court to construe the statutory language in light of these statements. . . .

*National Small Shipments Traffic Conf. v. CAB,* 618 F.2d 819, 828 (D.C.Cir.1980), quoted in *Ruhe v. Block,* 507 F.Supp. 1290, 1297 (E.D.Va. 1981), *aff'd sub nom. Ruhe v. Bergland,* 683 F.2d 102 (4th Cir.1982).

**4.** The legislative history is actually that of § 8612(c) of the HEAA which § 8614(f) of the LIHEAA replaced. As shown in footnote 2, *supra,* § 8612(c) and § 8624(f) are virtually identical.

*pense would be incurred,* since the regulations specifically provide that "an expense covered by an excluded reimbursement or vendor payment shall not be deductible", 7 C.F.R. § 273.10(d)(1).

H.R.Rep. No. 788, 96th Cong., 2d Sess. 123–24, *reprinted in* 1980 U.S.Code Cong. & Ad.News 843, 956–57 (emphasis added).

If the legislative history of the Food Stamp Act amendments was as relevant as that of the LIHEAA, the Court would call it a draw and not give any weight at all to the legislative history. However, the primary problem facing the Court is determining the meaning of § 8624(f) of the LIHEAA. In interpreting the LIHEAA, the legislative history of that same act is obviously more relevant than that of the Food Stamp Act amendments. Therefore, the legislative history, on balance, weighs in favor of a broad definition of "income or resources," although it is far from definitive.

### E. *Income Or Deduction—Same Effect On The Bottom Line.*

Finally, the Court is further persuaded that Congress intended a broad definition of "income or resources" because decreasing deductions is the same as increasing income, and increasing income is clearly forbidden by § 8624(f). *Schmiege v. Sec. of Ag.,* 693 F.2d 55, 56 (8th Cir.1982). The defendants plausibly argue that "income or resources" are distinct and separate from "deductions." In so arguing, the defendants are using mathematical sleight of hand to create the illusion of abiding by § 8624(f). It is only an illusion, though, because "the bottom line controlling the amount of benefits is the same whether income is increased or deductions decreased." *Schmiege,* 693 F.2d at 56 (footnote omitted).

### F. *Conclusion.*

■ The Court holds that the defendants' policy of disallowing, for purposes of calculating food stamp benefits, an energy expense deduction for the amount of a household's energy costs met by LIHEAA vendor payments violates § 8624(f) of the LIHEAA. For the reasons discussed above, the Court finds that Congress intended "income or resources," as used in § 8624(f), to be interpreted broadly, such that LIHEAA payments would not affect food stamp benefits. This provision in § 8624(f) overrides the contrary provisions in § 2014(e) of the Food Stamp Act because § 8624(f) is to be followed "[n]otwithstanding any other provisions of law." The defendants' policy of disallowing energy deductions decreases a LIHEAA vendor payment beneficiary's food stamp benefits, and in so doing, violates § 8624(f).

In so holding, this Court joins the four other courts which have ruled on the legality of the defendants' policy. The Eighth Circuit, in *Schmiege v. Sec. of Ag.,* 693 F.2d 55 (1982), affirmed the District Court of Minnesota's decision, *Schmiege v. Noot,* No. 4–81–288 (6/11/81), holding that § 8624(f) precluded the government from disallowing energy expense deductions for LIHEAA vendor payments. More recently, the District Court in Idaho, in a suit brought by the State of Idaho, stated, "It seems clear that Congress intended that the LIHEAA payments would have no impact whatsoever on a food stamp recipient's (or prospective recipient's) eligibility or level of benefits." *Dept. of Health and Welfare, State of Idaho v. Block,* No. 84–1106, slip op. at 8 (12/21/84) *appeal filed.* Most recently, the District Court in Montana permanently enjoined defendant Block and others from disallowing energy costs reimbursed by payments under the LIHEAA in the computation of excess shelter expense provided in 7 U.S.C. § 2014(e). *Harkins v. Block,* No. CV–84–124–M, slip op. (D.Mont. 5/22/85).

There being no questions of material fact, the Court finds that the plaintiffs are entitled to judgment as a matter of law, and therefore, SUMMARY JUDGMENT shall be entered in favor of the plaintiffs and against the defendants. It is adjudged and decreed that the defendants' policy of excluding the amount of LIHEAA vendor payments from the excess shelter expense deduction when computing food stamp eligibility is in violation of 42 U.S.C. § 8624(f).

At this time the Court will not enter judgment nor rule on the type of relief to

be granted the plaintiffs. The parties are requested to submit both a proposed judgment which will grant appropriate relief and a supporting brief.

### IV.

### CLASS CERTIFICATION

The plaintiffs have moved for certification of a class defined as all individuals in the State of Indiana who have had, now have, or will have their food stamp benefits reduced because of receipt of energy assistance grants through the LIHEAA. The Court finds that it would be unwise and unnecessary to certify the class. As noted above, the Court has requested the parties to submit a proposed judgment which will incorporate an appropriate remedy for joint LIHEAA and food stamp recipients.