# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2009

Charles R. Fulbruge III
Clerk

No. 09-40333
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THOMAS B PARKER; MARGARET A PARKER,

Defendants-Appellants

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:08-CR-99-1

Before GARZA, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Thomas B. Parker and Margaret A. Parker appeal their convictions for tax fraud and for failing to file tax returns, and for aiding and abetting each other in the same, in violation of 26 U.S.C. §§ 7203 and 7206(1). Thomas Parker argues that the evidence was not sufficient to support his conviction for tax fraud. Because Thomas Parker did not renew his motion for acquittal at the close of all the evidence, this court reviews the evidence only for a manifest

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

miscarriage of justice, looking to whether the record is devoid of evidence of guilt. *See United States v. Green*, 293 F.3d 886, 895 (5th Cir. 2002).

To support a conviction for filing a false tax return under § 7206(1), evidence must be sufficient to show that: (1) the defendant wilfully made and subscribed to a materially false tax return; (2) the return contained a written declaration that it was made under penalties of perjury; and (3) the defendant did not believe that the return was true as to every material matter. *United States v. Clayton*, 506 F.3d 405, 410 (5th Cir. 2007).

Parker argues only that he did not "willfully" defraud the Government. Because Parker does not challenge the sufficiency of the evidence to support the other § 7206(1) criteria, this court need not address the same. *See Greenlaw v. United States*, 128 S. Ct. 2559, 2564 (2008). Parker does not elaborate on what constituted his "legitimate confusion." Moreover, his argument ignores that a certified public accountant, using Parker's computerized accounting records for his business, informed Parker that he owed taxes. Parker acknowledged his tax liability by entering into an installment plan with the IRS to pay the tax. Thus, the record is not devoid of evidence that Parker had knowledge that he should have reported more income than he did when he filed amended 1040-X returns and that he was therefore guilty of tax fraud. *See United States v. Bishop*, 412 U.S. 346, 360 (1973).

To establish a violation of § 7203, the Government had to prove (1) that Parker was required to file a return; (2) that he failed to file a return; and (3) that the failure to file a return was willful. *See Clayton,* 506 F.3d at 408. Parker again argues only that the Government failed to prove that he "willfully" failed to file tax returns because he had a "reasonable belief that he was not liable to file a tax return." Parker points to nothing to support his assertion that his belief was reasonable. Moreover, evidence from multiple sources indicated that the Parkers' business earned substantial income for the years in question. Therefore, any purported belief that he was not required to file an income tax

return was not reasonable. The record is not devoid of evidence that Thomas Parker was guilty of failing to file tax returns for the years 2002 through 2006.

Margaret Parker argues that the district court committed reversible error when it admitted Bonnie Edwards's documents titled "Summary of Taxpayer Contact" because the summaries were hearsay evidence. The Government argues, among other things, that its exhibits 18A and 18B were not hearsay because they were not offered for the truth of the matter asserted therein.

Exhibit 18B contained only the statements of Bonnie Edwards and is, therefore, not hearsay. *See* FED. R. EVID. 801(c). To the extent that Exhibit 18A quoted from a memorandum by the Parkers that was previously delivered to Edwards and was ostensibly offered to prove Margaret Parker's complicity in tax fraud, it is hearsay. *See id.*

The exhibit, however, falls under the hearsay exception for business records. Although Edwards had retired by the time of trial, her notes were made on IRS Form 9297, which is titled "Summary of Taxpayer Contact." That the notes were made on an IRS form indicates that it was the regular practice of the IRS to make such a record. *See* FED. R. EVID. 803(6). Furthermore, Edwards testified that the IRS required her to keep such records. Edwards recognized the records and knew they were from her office. *See United States v. Box*, 50 F.3d 345, 356 (5th Cir. 1995). Edwards was therefore a qualified witness, and she sufficiently authenticated Exhibit 18A such that it falls under the exception to hearsay enunciated in Rule 803(6). FED. R. EVID. 803(6); *Box*, 50 F.3d at 356. The district court did not abuse its discretion in allowing Exhibit 18A into evidence. *See United States v. Franklin*, 561 F.3d 398, 404 (5th Cir.), *cert. denied*, 129 S. Ct. 2848 (2009).

AFFIRMED.