REINHARDT, Circuit Judge,
concurring:
I concur in the memorandum disposition, but write separately because I believe that the question whether § 287 permits an ignorance of the law defense[1] in this case is more complicated than the disposition suggests. In United States v. Fier-ros, we recognized that in certain kinds of cases “a defense of ignorance of law is permitted even though it is not specifically written into the criminal statute.” 692 F.2d 1291, 1294 (9th Cir.1982). We explained that one such type of cáse is a prosecution “under [a] complex regulatory seheme[ ] that ha[s] the potential of snaring unwitting violators.” Id. at 1295. We illustrated the need for allowing a mistake of law defense in those cases using the example of tax law, which “raises problems' of great complexity” and in which “innocent errors are numerous.” Id. (internal quotation omitted); see also Cheek v. United States, 498 U.S. 192, 111 S.Ct. 604, 112 L.Ed.2d 617 (1991) (recognizing an ignorance of the law defense implicit in a criminal tax statute); United States v. Bishop, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973) (same).
Defoor was convicted of tax related malfeasance, but § 287 also covers a wide variety of relatively straightforward activity, like a federal government employee overstating his reimbursable travel ex *791 penses. We have not determined whether the Fierros exception is applicable in statutes that can be violated by a failure to comply with a complex regulatory regime, but also by other kinds of wrongdoing. Similarly, we have not decidéd whether under Fierros we will sometimes read an ignorance of the law defense into a statute that uses only the word “knowingly” — as § 287 does — rather than “willfully.” See Bryan v. United States, 524 U.S. 184, 193, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998) (the use of “knowing” in a criminal statute does not ordinarily imply an ignorance of the law defense, whereas “willful” does); United States v. Hancock, 231 F.3d 557, 563 (9th Cir.2000) (interpreting United States v. Pasillas-Gaytan, 192 F.3d 864, 866 (9th Cir.1999) as a case where we did not read “knowing” as providing an ignorance of the law defense, even though the regulatory regime “arguably [was] highly technical”).
Because the question is open, however, it can hardly be a “plain” or “obvious” error not to have permitted an ignorance of the law defense here.

. I use the term loosely since we are actually talking about an element the government must prove, rather than a formal defense.