**UNITED STATES of America**

**v.**

**George H. FOY.**

**No. 3:92–00033.**

United States District Court,
M.D. Tennessee,
Nashville Division.

July 7, 1992.

Ernest W. Williams, Robert C. Watson, Office of the U.S. Atty., Nashville, Tenn., for U.S.

Hal D. Hardin, Dudley West, Nashville, Tenn., for defendant.

**OPINION**

JOHN T. NIXON, Chief Judge.

Under Rule 29(a) of the Federal Rules of Criminal Procedure, the Court is obligated to order the entry of judgment of acquittal for offenses charged in an indictment if, after the close of the government's proof, the evidence is insufficient to sustain a conviction for such offenses. Yesterday, the government concluded its case-in-chief and the defendant, George H. Foy, moved for judgment of acquittal on all counts of the indictment pursuant to Rule 29(a). It is

incumbent upon the Court, therefore, to determine if the evidence presented by the government, if taken in a light most favorable to the prosecution, is sufficient to sustain a conviction for the crimes charged in the indictment.

Throughout this trial, the government has presented ample evidence tending to prove the existence of a conspiracy between Howard Levy, George Foy, and others, to embezzle money from Service Merchandise Corporation. The evidence is also sufficient to show that these individuals falsified documents to conceal this embezzlement scheme. Giving the government the benefit of all inferences which can reasonably be drawn from the evidence, a reasonable jury could conclude that the defendant had knowledge that these false documents might eventually be used by Service Merchandise in the preparation of its corporate income tax returns. The defendant, however, is not charged with embezzlement but is instead standing trial for tax fraud. The question before the Court, therefore, is whether the evidence presented in this case is sufficient proof of the defendant's guilt under the internal revenue laws of the United States.

The defendant is charged in six counts of the indictment. In Count One, the government charges the defendant with conspiracy to violate Title 26, United States Code, Section 7206(2), that is, to willfully aid and assist in and procure, counsel, and advise in the preparation and presentation to the Internal Revenue Service an income tax return which was false and fraudulent as to a material matter; and to defraud the United States by impeding, impairing, obstructing, and defeating the functions of the Internal Revenue Service in the ascertainment, computation, assessment and collection of taxes. The remaining five counts allege substantive violations of section 7206(2).

■ An essential element of the conspiracy charged in Count One is that a purpose of the conspiracy was to engage in tax fraud. Likewise, in order to make out a willful violation of section 7206(2) the government must prove the defendant acted with specific intent to defraud the

government in the enforcement of its tax laws. In *United States v. Bishop*, 412 U.S. 346, 361, 93 S.Ct. 2008, 2017, 36 L.Ed.2d 941 (1973), Supreme Court found that Congress intended the federal tax laws to penalize only "purposeful tax violator[s]." The Court observed in *Ingram v. United States*, 360 U.S. 672, 679–80, 79 S.Ct. 1314, 1320, 3 L.Ed.2d 1503 (1959), that a conspiracy to violate federal tax law, such as the one alleged in Count One of the present indictment, must have as one of its objectives the evasion of federal taxes. Similarly, in *Spies v. United States*, 317 U.S. 492, 499, 63 S.Ct. 364, 368, 87 L.Ed. 418 (1943), the Court noted that the creation of false invoices or documents may satisfy the requirement of a willful violation of tax laws, but only if a "tax-evasion motive" plays a part in the conduct. The Court concluded in *Spies*, that the evidence must be sufficient to prove a "willful attempt to defeat and evade tax."

The 1990 decision of the Ninth Circuit Court of Appeals in *United States v. Salerno*, 902 F.2d 1429 (9th Cir.1990), is particularly instructive. In *Salerno*, two casino employees engaged in a scheme to embezzle millions of dollars from the Stardust Casino in Las Vegas, Nevada. To conceal the embezzlement, the defendants prepared false documents indicating that the money was lost in the course of the casino's operation when in fact the defendants had pocketed the money themselves. These documents were then relied upon by the casino's tax preparers. As in this present case, the defendants were charged with violating section 7206(2) by aiding in the preparation and presentation by the casino of false corporate income tax returns. The court held that, as part of the government's burden of proof, the evidence "had to show beyond a reasonable doubt that [the defendants] engaged in this scheme not merely for their own benefit but with a specific intent to cause the casino to file false tax returns." *Id.* at 1432. The court concluded that "[t]he law requires specific intent to defraud the I.R.S. and this means that the government must prove not only that the defendant's conduct affected tax reve-

nue, but that tax fraud was an objective."
*Id.* at 1433.

The Fifth Circuit reached a similar con-
clusion in *United States v. Enstam,* 622
F.2d 857 (5th Cir.1980). There, the court
found that a conspiracy to conceal the
source of illegally obtained money, even if
it collaterally impedes the IRS in the collec-
tion of taxes, does not necessarily give rise
to a violation of federal tax laws. The
court recognized that a conspiracy's object
may be simply "to hide the source of the
money but not *to impede the collection or
assessment of income taxes." Id.* at 861
(emphasis in original). The Eleventh Cir-
cuit, in *United States v. Pritchett,* 908 F.2d
816 (11th Cir.1990), held that "[w]hen ef-
forts at concealment are reasonably ex-
plainable in terms other than a motivation
to evade taxes, the government must offer
independent proof that those who partici-
pated in the concealment intended to assist
the tax payer in evading taxes." *Id.* at
821. In *Pritchett,* the court found suffi-
cient evidence to establish that the defen-
dants participated in concealing certain as-
sets from the IRS, but concluded that the
government failed to prove that the defen-
dants had any motivation or intent to evade
income taxes or assist another in evading
taxes.

 The Court distills from these hold-
ings the following conclusion of law: The
government, in order to sustain its burden
of proof for the charges alleged in this
indictment, must show that the defendant
acted with the purpose and objective of
violating the internal revenue laws of the
United States. Mere knowledge that his
actions may result in a false entry in anoth-
er's tax return is insufficient to satisfy the
willfulness requirement of these tax laws.
Otherwise, as the Ninth Circuit observed in
*Salerno,* "any embezzlement or theft by a
person knowledgeable about taxes ...
would be a violation of section 7206(2)."
902 F.2d at 1433. The Supreme Court in
*Ingram* admonished the courts against per-
mitting tax laws or conspiracy charges to
become a "dragnet to draw in all substan-
tive crimes."

 In the case at bar, the indictment
alleges, and the government has proffered
sufficient proof, that the defendant and
others conspired to embezzle money from
Service Merchandise and to conceal this
theft from Service Merchandise by falsify-
ing invoices. However, the government
has not presented any evidence that tax
fraud was a motive, objective, or purpose
of the defendant's actions. There is no
proof, let alone independent proof, that tax
fraud was an objective of any of the co-
conspirators, except Levy, who was
charged separately with personal income
tax evasion. Foy is not charged in connec-
tion with Levy's personal income tax fraud.
The proof indicates the purpose of the con-
spirators was to conceal an embezzlement
for the financial good of Levy and Brymer.
The defendants simply did not have Service
Merchandise's taxes in mind.

The fact that one of the tangential conse-
quences of the defendant's conduct may
have been the filing of a false corporate
tax return by the victim of the embezzle-
ment is insufficient, as a matter of law, to
sustain a conviction under section 7206(2)
because this offense is not a general intent
crime. The testimony of the co-conspira-
tors, who have already pleaded guilty in
this matter, indicated that the purpose of
the scheme was not related to taxes and
that there was no intent to violate corpo-
rate tax law. There is simply no evidence
that defendant Foy or his co-defendants
acted for the purpose of affecting Service
Merchandise's tax returns or tax liability in
any way. Their sole purpose, insofar as
the government's proof shows, was to em-
bezzle funds from Service Merchandise and
to cover up their embezzlement by falsify-
ing corporate records.

The cases cited by the government in
response to defendant's motion are easily
distinguishable, for they all involve bona
fide tax cases were the defendants' pur-
pose was to commit tax fraud, either per-
sonally, or on behalf of a related party. In
each of the cases, the parties involved dis-
cussed the tax ramifications and had as a
conscious purpose of their actions the viola-
tion of federal tax law. There was, in

effect, a nexus between their actions and their convictions for tax fraud.

In the present case, there is no nexus between the conduct of George Foy and federal income tax fraud. There is no evidence in the record that any defendant or co-conspirator ever discussed the effect their actions would have on Service Merchandise's corporate income tax returns. There certainly is no proof that the defendant acted with the intent to assist Service Merchandise in evading taxes. On the contrary, the victim of this crime is the corporation itself.

In sum, the government has proven embezzlement but has not offered any proof of defendant Foy's specific intent to commit tax fraud. Unfortunately for the government, embezzlement is a violation of state law for which this Court has no jurisdiction. Accordingly, the government has failed to put forth sufficient evidence to sustain a conviction of the defendant under the indictment and therefore the Court must grant the defendant's motion for judgment of acquittal on all counts.