UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　　*Plaintiff-Appellee,*

v.

C. DAVID MORRISON,
　　　　　　*Defendant-Appellant.*

No. 01-4336

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-00-37)

Argued: December 6, 2001

Decided: February 7, 2002

Before WILKINSON, Chief Judge, and MICHAEL and
TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

**ARGUED:** James Byron Lees, Jr., HUNT & LEES, L.C., Charleston,
West Virginia, for Appellant. Hunter P. Smith, Assistant United
States Attorney, Charleston, West Virginia, for Appellee. **ON
BRIEF:** Charles T. Miller, United States Attorney, Charleston, West
Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

A grand jury in the Southern District of West Virginia charged C. David Morrison in a multi-count indictment with, *inter alia*, two charges of failing to account for and pay over taxes. *See* 26 U.S.C.A. § 7202 (West 1989). The district court rejected Morrison's conditional guilty plea, and the jury convicted Morrison on all counts. Morrison timely appealed, and we now affirm.*

I.

Morrison, a long-time CEO of Logan Medical Foundation, d/b/a Logan General Hospital, was charged with failing to account for and pay over federal income taxes and Federal Insurance Contribution Act taxes for employees of the hospital for the third and fourth quarters of 1997. Morrison did not contest that the taxes were owed and had not been paid, but he wanted to show that his desire to keep the hospital operational was a good motive for not paying them. Prior to trial, however, the prosecution filed a motion in limine to exclude any evidence of such a motive. At a hearing on the motion in limine, Morrison argued that "willfullness" in the context of § 7202 included "bad motive" as a component, and that the prosecution was therefore

---

*Although Morrison was ultimately convicted on every count in the twenty-three count indictment, the bulk of Morrison's appeal relates to his conviction on the two tax counts. With regard to the balance of the charges, Morrison argues that the evidence was insufficient to sustain his conviction on those charges. We have reviewed the record and are satisfied that the evidence, when viewed in a light most favorable to the prosecution, supports the convictions. *See Glasser v. United States*, 315 U.S. 60, 80 (1942) ("The verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."). Thus, in the text of this opinion, we concern ourselves only with the facts and the law related to the two tax counts.

required to prove bad motive as an element of its case. Morrison further argued that he should be allowed to introduce evidence of his good motive to negate the bad motive element of the crime. The district court ruled that willfullness meant "a voluntary, intentional violation of a known legal duty," J.A. 191, and that the presence or absence of bad motive was irrelevant. Thus, the court concluded that Morrison's alleged good motive for failing to account for and pay over the taxes was likewise irrelevant, and the court accordingly granted the prosecution's motion in limine.

After the district court ruled adversely to Morrison on the motion in limine, Morrison attempted to enter a conditional guilty plea to the two tax charges, reserving only the right to challenge the district court's definition of willfullness. At the Rule 11 hearing on the proposed plea, the district court, consistent with its earlier ruling on the elements of willfulness, asked Morrison whether he knew he had a legal duty to pay the taxes and whether he had intentionally violated that duty. Morrison responded in the affirmative. The district court then asked Morrison whether he acted with the specific intent to violate the law when he failed to account for and pay over the taxes, and Morrison responded, "No, sir." J.A. 260.

After Morrison's negative response, the court indicated its unwillingness to accept the plea. The prosecution explained that its understanding was that the specific intent to violate the law was merely a restatement of the willfullness standard. The court, however, pointed out that "there must be some different understanding on the part of the defendant." J.A. 261. The prosecution pressed the argument a little further, but its arguments failed to convince the court to take the plea.

Defense counsel eventually interceded but only made some ambiguous comments to the court about the events that had transpired. Counsel never asked the court to clarify its definition of specific intent or otherwise attempted to allay the court's concerns about Morrison's understanding of "specific intent" as the court was using that term. Rather, counsel again presented the court with statements about Morrison's alleged good motive for violating the law, at which time the court reiterated its earlier ruling on that point. Ultimately, the court was not satisfied that Morrison completely acknowledged his

guilt to the charged offense, and it therefore refused to accept the conditional plea.

On appeal, Morrison claims that the district court erred in (1) its definition of "willfullness" for purposes of ruling on the motion in limine; (2) its rejection of his conditional guilty plea; and (3) its refusal to give a jury instruction on a good faith defense.

## II.

Morrison's first and third assignments of error need not detain us long. In ruling on the prosecution's motion in limine, the court defined willfullness as "a voluntary, intentional violation of a known legal duty." J.A. 191. That definition is squarely in line with the definition of willfullness the Supreme Court has declared applicable in the context of the criminal tax statutes. *See, e.g.*, *Cheek v. United States*, 498 U.S. 192, 201 (1991) ("[W]illfullness [in the context of criminal tax statutes] simply means a voluntary, intentional violation of a known legal duty."). Morrison's objection to the district court's definition, and consequently his objection to its ruling on the motion in limine, is premised on his belief that "bad motive" or "evil motive" is a separate and distinct element of willfullness. That, however, is not the case. *See id.* Although when discussing willfullness in *United States v. Bishop*, 412 U.S. 346, 360 (1973), the Supreme Court made reference to an evil motive, the Court made clear in *Cheek* that such reference was not intended to alter the definition of willfullness in any way. *See Cheek*, 498 U.S. at 201. Thus, the evil motive referred to in *Bishop* is nothing more than the intentional violation of a known legal duty. *See id.* Stated differently, evil motive is subsumed in the definition of willfullness.

Furthermore, with respect to Morrison's claim that the district court should have given an instruction on good faith, we note that the district court instructed the jury on the elements of willfullness and that, having done so, no additional instruction on good faith was necessary. *See id.* Thus, Morrison's first and third assignments of error are without merit.

## III.

Morrison's final contention is that the district court erred in refusing to accept his conditional guilty plea. Rule 11(f) of the Federal

Rules of Criminal Procedure provides that a district court "should not enter a judgment upon [a guilty] plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed. R. Crim. P. 11(f). Furthermore, there is "no absolute right to have a guilty plea accepted," and a district court may "reject a plea in [the] exercise of sound judicial discretion." *Santobello v. New York*, 404 U.S. 257, 262 (1971).

We cannot say that the district court abused its discretion in rejecting Morrison's conditional guilty plea. The plain language of Rule 11(f) directs a district court to make "such inquiry as shall satisfy it that there is a factual basis for the plea," and, in fact, declares that a court "should not enter a judgment upon such plea" until it has done so. In conducting the plea colloquy in this case, the court was simply complying with the dictates of the rule and attempting to satisfy itself that there was a sufficient basis for the plea. If there was any ambiguity or misunderstanding by the defendant about the court's use of the term "specific intent," it was incumbent upon the defendant or defense counsel to clear that up with the court and to satisfy the court that the defendant was voluntarily entering a knowing and intelligent guilty plea. At the end of the exchange between the court and defense counsel, the court offered defense counsel an opportunity to make any statement he wished. Counsel, however, did not take the opportunity, and the court was ultimately not satisfied that there was a sufficient basis for accepting the plea. On the record before us, we simply cannot say that the district court abused its discretion in rejecting the plea.

IV.

Accordingly, the district court's rulings are affirmed in all respects.

*AFFIRMED*