**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-5021**

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

HINTON HUFF, JR.,

              Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of Virginia, at Norfolk.  Henry Coke Morgan, Jr.,
Senior District Judge.  (2:08-cr-00225-HCM-FBS-1)

Submitted:  July 14, 2010          Decided:  July 28, 2010

Before KING, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

A. Aaron Aldridge, Lebanon, Ohio, for Appellant.  Neil H.
MacBride, United States Attorney, Alan M. Salsbury, Assistant
United States Attorney, Norfolk, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following a three-day jury trial, Hinton Huff, Jr., was found guilty of twenty-nine counts of willfully aiding and assisting in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2) (2006). Huff was sentenced to fifteen months' imprisonment. For the reasons that follow, we affirm the district court's judgment.

I.   Sufficiency of the Government's Evidence

Huff first asserts the Government presented insufficient evidence of his guilt, because it did not prove that he acted with another culpable participant. This argument fails under the express language of the statute of conviction, which imputes criminal liability to a tax preparer who prepares a false return, regardless of whether the taxpayer knows of or consents to the falsity. See 26 U.S.C. § 7206(2). This was precisely the case here. To avoid this conclusion, Huff relies on United States v. Searan, 259 F.3d 434 (6th Cir. 2001). However, the issue in Searan was whether an assistant to a tax preparer is criminally liable under § 7206(2). See Searan, 259 F.3d at 443-46. Thus, the Searan court's discussion of another actor's criminal liability is irrelevant given the facts of this case.

Huff next argues the Government failed to prove that he acted willfully, because the Government did not present evidence of his motive. We disagree. Under United States v. Pomponio, 429 U.S. 10, 12 (1976), a tax violation is "willful" if it is "a voluntary, intentional violation of a known legal duty," and the Government need not prove "any motive other than an intentional violation of" that duty. Huff further argues that, because the Government did not prove a tax loss, it failed to show that Huff acted willfully. In addition to being legally irrelevant, this assertion is factually inaccurate, because an IRS agent testified that the falsified returns resulted in an aggregate tax loss of over $78,000.

Finally, we reject Huff's contention that there was insufficient evidence to prove that he personally prepared the tax returns that were the subject of his indictment. The evidence at trial established that, in a pre-trial interview with an IRS agent, Huff admitted preparing the returns. Moreover, each of the witnesses testified that Huff prepared their taxes; the tax returns were signed by Huff; and two defense witnesses testified that Huff was the sole tax preparer in the office. This evidence was more than sufficient to support the jury's verdicts.

II. <u>Sufficiency of the Indictment</u>

Huff argues his convictions should be reversed because the indictment failed to specify the criminal acts alleged or the items on each return that were falsely claimed. Although a criminal defendant may challenge the sufficiency of his indictment at any time, because Huff raises the issue for the first time on appeal, we liberally construe the indictment, "and every intendment is then indulged in support of . . . sufficiency." <u>United States v. Williams</u>, 152 F.3d 294, 298 (4th Cir. 1998) (alteration in original) (internal quotation marks omitted).

To withstand a vagueness challenge, an indictment must "contain[] the elements of the offense charged and fairly inform[] a defendant of the charge against which he must defend, . . . enabl[ing] him to plead an acquittal or conviction in bar of future prosecutions for the same offense." <u>United States v. Smith</u>, 441 F.3d 254, 260-61 (4th Cir. 2006) (internal quotation marks omitted). An indictment that mirrors the language of the statutory charge and includes facts specific to the defendant's actions is constitutionally adequate. <u>See</u> <u>Hamling v. United States</u>, 418 U.S. 87, 117 (1974).

The indictment here satisfies these requirements. In addition to mirroring the statutory language of 26 U.S.C. § 7206(2), the indictment also included a chart that delineated

4

the particular tax return that formed the basis for each count, the "falsely claimed item" on that return and its corresponding "falsely claimed amount," the date the return was filed, and the taxpayer for whom it was prepared. The Government was under no obligation to provide a line-by-line recitation of all the falsifications within each allegedly falsified item.[1]

### III. Prosecutorial Misconduct

Huff next argues his convictions should be reversed because the Assistant United States Attorney ("AUSA") improperly vouched for the credibility of the Government's witnesses, and misstated the law pertaining to immunity agreements and the uses of Tax Form Schedule C. Because Huff did not object on these bases at trial, this court's review is for plain error. See United States v. Baptiste, 596 F.3d 214, 226 (4th Cir. 2010). To establish plain error, Huff must demonstrate there was error, it was plain, and that it affected his substantial rights. United States v. Alerre, 430 F.3d 681, 689 (4th Cir. 2005). Even if Huff satisfies this difficult burden, this court will

---

[1] We also reject Huff's contention that the indictment was flawed because it did not particularize the date each return was prepared. "Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required." Smith, 441 F.3d at 261 (internal quotation marks omitted). The particular date of the offense is simply not an element of § 7206(2).

not notice the error unless it "seriously affects the fairness, integrity or public reputation of judicial proceedings." Puckett v. United States, 129 S. Ct. 1423, 1429 (2009) (internal quotation marks and alteration omitted).

"Vouching generally occurs when the prosecutor's actions are such that a jury could reasonably believe that the prosecutor was indicating a personal belief in the credibility of the witness." United States v. Johnson, 587 F.3d 625, 632 (4th Cir. 2009) (internal quotation marks omitted), cert. denied, 130 S. Ct. 2128 (2010). We have carefully reviewed the AUSA's opening and closing statements and find nothing therein constitutes impermissible vouching. We further conclude the AUSA did not misstate the law relevant to immunity agreements or the use of Tax Form Schedule C as relevant to this case.

## IV. Reasonableness of Huff's Sentence

Post-Booker,[2] this court reviews a sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); see also United States v. Layton, 564 F.3d 330, 335 (4th Cir.), cert. denied, 130 S. Ct. 290 (2009). This review requires appellate consideration of both the procedural and substantive reasonableness of a

---

[2] United States v. Booker, 543 U.S. 220 (2005).

6

sentence. Gall, 552 U.S. at 51. In determining procedural reasonableness, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. If the court finds "no significant procedural error," it next assesses the substantive reasonableness of the sentence, taking "'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" United States v. Morace, 594 F.3d 340, 345-46 (4th Cir. 2010) (quoting Gall, 552 U.S. at 51).

Huff first asserts the district court violated due process by prohibiting his wife from making a statement prior to the court pronouncing sentence. We disagree. The district court allowed Huff to present whatever evidence he deemed appropriate, and Huff availed himself of this opportunity, calling one witness. After hearing argument on sentencing, Huff asked the court to permit his wife to make a statement. At that point, evidence was closed, and we hold the court was well within its province to decline Huff's request. See United States v. Janati, 374 F.3d 263, 273 (4th Cir. 2004) (describing the district court's discretion in managing things such as

courtroom procedures and admission of evidence as "particularly broad").

Huff also argues the district court's failure to consider the § 3553(a) sentencing factors renders his sentence procedurally and substantively unreasonable. Such a claim is more appropriately considered as a challenge to the procedural reasonableness of Huff's sentence. See United States v. Lynn, 592 F.3d 572, 575-76 (4th Cir. 2010). Counsel's reliance on several § 3553(a) sentencing factors to support a downward variance preserved this issue for appellate review. Id. at 578. Accordingly, our review is for an abuse of discretion. Id. at 581.

The district court did not abuse its discretion in sentencing Huff. In granting counsel's request for a downward variance, the district court expressly adopted the primary (and strongest) reason counsel advanced to support the variance. Although we recognize that the court did not address, on the record, each and every other reason set forth by counsel, we conclude this does not render Huff's sentence procedurally flawed. See United States v. Boulware, 604 F.3d 832, 838-39 (4th Cir. 2010).

We further conclude that Huff's variance sentence was substantively reasonable. Considering the totality of the circumstances surrounding Huff's crimes and his virtually non-

8

existent criminal history, the district court properly exercised its discretion to vary downward from the Guidelines range by approximately 29%, and amply justified that variance. See United States v. Seay, 553 F.3d 732, 742 (4th Cir.) (finding variance sentence that was a 68% increase above the Guidelines range reasonable, because the court had adequately explained the reasons for the variance), cert. denied, 130 S. Ct. 127 (2009).

## V.   Ineffective Assistance of Counsel

Finally, Huff asserts his attorney provided ineffective representation during his trial. Unless an attorney's ineffectiveness is conclusively apparent on the face of the record, ineffective assistance claims are not generally addressed on direct appeal. United States v. Benton, 523 F.3d 424, 435 (4th Cir.), cert. denied, 129 S. Ct. 490 (2008); United States v. Richardson, 195 F.3d 192, 198 (4th Cir. 1999) (providing standard and noting that ineffective assistance of counsel claims generally should be raised by motion under 28 U.S.C.A. § 2255 (West Supp. 2010)). The record in this case falls far short of this exacting standard.

## VI.   Conclusion

For the foregoing reasons, we affirm Huff's convictions and sentence. Further, we deny as moot the pending

9

motions to expedite review and for bond pending appeal.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED