Moscoso-Mancia v. Garland

BIA
Poczter, IJ
A209 283 928

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of July, two thousand twenty-two.

PRESENT:
ROBERT D. SACK,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
    *Circuit Judges.*

_____

ANA MARIA MOSCOSO-MANCIA,
        *Petitioner*,

v.                                        20-3839
                                          NAC
MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:            Michael E. Rosado, Laurel, MD.

FOR RESPONDENT:            Brian M. Boynton, Acting
                           Assistant Attorney General;
                           Benjamin Mark Moss, Senior
                           Litigation Counsel; Sara J.

Bayram, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Ana Maria Moscoso-Mancia, a native and citizen of El Salvador, seeks review of an October 9, 2020, decision of the BIA affirming a June 25, 2018, decision of an Immigration Judge ("IJ") denying Moscoso-Mancia's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ana Maria Moscoso-Mancia*, No. A209 283 928 (B.I.A. Oct. 9, 2020), *aff'g* No. A209 283 928 (Immig. Ct. N.Y. City June 25, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have reviewed the IJ's decision as modified and supplemented by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We review competency and adverse credibility findings for substantial evidence, treating "the administrative

2

findings of fact . . . [as] conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018); *Diop v. Lynch*, 807 F.3d 70, 75 (4th Cir. 2015). We find no error in the agency's decision not to evaluate Moscoso-Mancia's competency or its determination that she was not credible as to her claim of persecution on account of her membership in the social group of Salvadoran women who are victims of domestic violence and unable to leave their abusive partners.

**A. Competency**

"[A]n alien is presumed to be competent to participate in removal proceedings" and "[a]bsent indicia of mental incompetency, an Immigration Judge is under no obligation to analyze an alien's competency." *Matter of M-A-M-*, 25 I. & N. Dec. 474, 477 (B.I.A. 2011). "Indicia of incompetency include . . . the inability to understand and respond to questions, the inability to stay on topic, . . . a high level of distraction[,] . . . [or] evidence of mental illness . . . ." *Id.* at 479–80. "[T]he test for determining whether an alien is competent to participate in immigration proceedings is whether he or she has a rational and factual understanding

3

of the nature and object of the proceedings, can consult with the attorney or representative if there is one, and has a reasonable opportunity to examine and present evidence and cross-examine witnesses." *Id.* at 484.

Moscoso-Mancia's counsel did not raise any concerns as to her competency and her psychological evaluation did not provide any basis to conclude that she had difficulty understanding the nature of her removal proceedings or communicating with others. Accordingly, there were no indicia of incompetency to prompt inquiry into her competence. *See id.* ("[I]f there are no indicia of incompetency in an alien's case, no further inquiry regarding competency is required."). Further, the record does not show that Moscoso-Mancia had difficulty understanding proceedings or presenting her evidence. Contrary to her contention that her testimony revealed that she had difficulty remembering certain events, the record shows that she answered every question responsively and expressed difficulty with recall only when confronted with prior inconsistent statements. Accordingly, given that Moscoso-Mancia knew the nature of her proceedings, communicated effectively, and testified responsively, the agency did not err in declining to evaluate

4

her competency further.  *See id.* at 479-84.

**B.  Adverse Credibility Determination**

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement . . . , and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor."  8 U.S.C. § 1158(b)(1)(B)(iii).  "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.  Substantial evidence supports the agency's determination that Moscoso-Mancia was not credible as to her claim of domestic violence.

As an initial matter, the agency did not err in relying on the record of Moscoso-Mancia's credible fear interview in

5

assessing credibility because the interview record bears the hallmarks of reliability: it was conducted with an interpreter, it was memorialized in a typewritten question-and-answer format, the questions posed were designed to elicit details of an asylum claim, and her responses indicated that she understood the questions posed. *See Ming Zhang v. Holder*, 585 F.3d 715, 724-25 (2d Cir. 2009) (requiring scrutiny of credible fear interviews but finding record reliable where it was typewritten, demonstrated that the applicant understood the questions, reflected questions about past harm or fear of future harm, and was conducted with an interpreter). Contrary to Moscoso-Mancia's contention, the interview record reflects that the interviewer reviewed the summary of her statement with her and that she indicated that the summary was correct.

The agency reasonably relied on inconsistencies between Moscoso-Mancia's statements at her credible fear interview and her testimony before the IJ regarding whether she was legally married to her abuser, whether she told her parents about the abuse, and how she escaped from the house she shared with her abuser. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a

6

single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."). Moscoso-Mancia did not compellingly explain these inconsistencies. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)); *see also Ming Zhang*, 585 F.3d at 722 (noting that an applicant's assertion that she was nervous or afraid does not overcome a record of a sworn statement that has been deemed sufficiently reliable for purposes of a credibility determination). The agency also reasonably relied on her failure to rehabilitate these inconsistent statements with corroborating evidence. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question.").

Given the inconsistencies and lack of corroboration, the

agency's adverse credibility determination is supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Likai Gao*, 968 F.3d at 145 n.8. That determination is dispositive of asylum, withholding of removal, and CAT relief because all three claims were based on the same factual predicate.* *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006). Accordingly, we do not reach the agency's alternative finding that Moscoso-Mancia failed to satisfy her burden of showing that Salvadoran officials were unable or unwilling to protect her. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Further, as the Government argues, the IJ's denial of a continuance is not before us because the BIA found it unnecessary to determine whether the proposed social group was cognizable given the dispositive adverse credibility determination. *See Xue Hong Yang*, 426 F.3d at 522; *Lin Zhong v. U.S. Dep't of Justice*,

---

* The BIA and Government incorrectly conclude that Moscoso-Mancia waived and thus failed to exhaust her claims for withholding of removal and CAT relief. The IJ denied all relief on credibility grounds; therefore, any challenge to the adverse credibility determination necessarily included a challenge to the denial of those forms of relief.

480 F.3d 104, 122 (2d Cir. 2007) ("[W]e may consider only those issues that formed the basis for [the BIA's] decision.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

                                        FOR THE COURT:
                                        Catherine O'Hagan Wolfe,
                                        Clerk of Court